FROST & HAYS    tially to the offence charged against them in the in-
    *vs*
COMMONWEALTH    dictment.

Wherefore, the judgment is affirmed.

*E. W. Hunt* for appellants ; *Johnson, Attorney General*, for Commonwealth.

---

PRESENT-        **Frost and Hays *vs* Commonwealth.**
MENT.
                    APPEAL FROM THE OWSLEY CIRCUIT.

*Case* 77.          *Presentment. Jury trial. Evidence.*

June 5.      JUDGE GRAHAM delivered the opinion of the Court.

THE plaintiffs in error, were presented by the Grand
'Case stated.   Jury, on a charge of having been guilty of adultery.

Upon pleading not guilty, they moved the Court for a trial of the facts by a jury. Their motion was overruled, and on hearing the evidence, the Judge imposed on each defendant a fine of five pounds.

It is insisted that the Court erred in overruling said motion—that the proof did not authorize the judgment, and that a new trial was improperly refused.

The law regulating proceedings in criminal and penal
A defendant has   cases, secures to the accused the right of having the
no right to de-
mand a trial by   facts tried by a jury, and the amount of fine to be as-
jury in a penal
case unless the   sessed by them, in cases where the fine to be imposed
fine upon con-
viction exceeds   on the offending party is uncertain in amount, or ex-
£5, or is uncer-
tain.             ceeds five pounds. In other cases, upon the establishment of the defendant's guilt, the Judge may assess the fine, without the aid or intervention of a jury.

The testimony fully sustained the charge of cohabitation. The witness proved that Frost had admitted that Hays was not his wife, and that he had then living a wife in Tennessee. He was very properly subjected to the penalty imposed by law on such offenders. The Court could not have done otherwise, under the proof.

Generally, the admissions of one party cannot be re-
Upon a joint pre-   ceived in evidence against another. There is nothing
sentment for a-
dultery, the ad-   in this case to make the defendant, Hays, an exception

to this general rule. There is no proof in the record, by confession or otherwise, that she was a married woman. There was no evidence, save his own admissions, that Frost was not a single man. His statements could not legitimately be used as evidence against her. As to said Hays, there was therefore no proof sufficient to justify the Court in subjecting her to a fine of five pounds.

Wherefore, it is considered that the judgment as to said Frost be affirmed, and as to said Hays, it is reversed and remanded, with directions to the Court below to award her a new trial.

*Barnes* for appellants; *Johnson, Attorney General,* for Commonwealth.