STATE OF MISSOURI, Respondent, *vs.* WILLIAM COOK, Appellant.

1. *Practice, criminal—Indictment—Capias, want of—Appearance.*—No capias is necessary for the arrest of a person indicted, if he appears in court, pleads not guilty, gives bond for his appearance, and petitions for a change of venue.

2. *Practice, criminal.—Verdict—Weight of evidence—Reversal.*—A verdict, even in a criminal case, will not be disturbed on account of want of evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict, that the necessary inference is that the jury must have acted from prejudice or partiality.

### Appeal from Bates Circuit Court.

*Page & Holcomb,* for Appellant.

In criminal cases the court will reverse the judgment and grant a new trial if the verdict is against the evidence. (State vs. Mansfield, 41 Mo., 470; State vs. Marshall, 47 Mo., 378.)

*Attorney General,* for Respondent.

This court will not review the facts, after they have been passed upon by a jury under proper instructing and legal testimony, unless the verdict is totally unsupported by evidence. (36 Mo., 143; 28 Mo., 248, 593; 29 Mo., 456; 30 Mo., 262, 498; 36 Mo., 338; 37 Mo., 343; 33 Mo., 260.)

WAGNER, Judge, delivered the opinion of the court.

All the objections, urged for a reversal of the judgment in this case, are technical and devoid of merit.

The indictment was found in the Bates Circuit Court, and charged the defendant with larceny in taking and carrying away certain cattle.

He was convicted, and his punishment assessed at two years imprisonment in the penitentiary. A change of venue was awarded to Cass county, where the trial was had, and it is now urged that the record fails to show that the indictment was found in any court in this State, or by any grand jury, or that the court, in which the indictment was alleged to have been found, was in session at the time.

But this point cannot be sustained. The record shows, that at the July term, 1873, of the Bates Circuit Court, a grand jury was impaneled, sworn and charged, which found the indictment against the defendant and returned it into court. The record states the existence of all the essential and necessary facts, and whatever minor details may have been left out are abundantly cured by our statute in reference to criminal practice. (Wagn. Stat., 1090, § 27.) There is nothing in the objection, that it is not shown that the indictment was filed in the Bates county Circuit Court, and that it was not certified by the clerk of that court to Cass county.

It appears that the grand jury returned into court, and presented, the indictment as a true bill, and the clerk expressly certifies that the record, transmitted constitutes a full, complete and true transcript of the proceedings had, and made a record in the cause, together with the original papers filed therein, not forming a part of the record. This certificate is sufficient. It is evident that the indictment was sent to the court where the trial was had, and it is difficult to perceive how the defendant was prejudiced by the want of explicitness on the part of the clerk as to whether he sent the original, or certified a copy of the indictment. It is again insisted, that it does not appear that any *capias* was ever issued for the defendant, or that he ever appeared in the court, except by attorney. Both of these objections are however unavailing, and the latter is expressly negatived by the record.

It is shown that at the time the indictment was returned the defendant was in court, and pleaded not guilty ; he then gave a bond for his appearance, and petitioned for a change of venue, which was awarded in accordance with his application. Under these circumstances, no *capias* for his arrest was necessary. It would have been an idle and unmeaning ceremony. When the trial took place the record expressly states, that the defendant was present in proper person.

There is no merit in the point raised, that the verdict was bad, because it did not specify the degree of offense of which the defendant was found guilty. The indictment contains but

·one count, and that charged the defendant with the commission of the crime of grand larceny. The jury found him guilty, and fixed his punishment at two years in the penitentiary. The verdict was strictly responsive to the charge in the indictment. It found the defendant guilty, and sentenced him to a term prescribed in the statute as a punishment for his offense.

It is contended that the evidence did not warrant the verdict, but we cannot reverse the case on that ground. There was evidence from which the jury might have found their verdict, and consequently we will not interfere.

It is only where there is a total absence of evidence, or it fails so completely to support the verdict, that the necessary inference is, that the jury must have acted from prejudice or partiality, that we will attempt to relieve for that reason, even in a criminal case.

The cattle were alleged to have been stolen in Bates county, and they were traced to defendant's possession in the adjoining State of Kansas.

The court, at the instance of the State, gave but one instruction, and that was to the effect, that, if the jury believed from the evidence that the defendant did feloniously steal, take and carry or drive away the cattle mentioned in the indictment, or any one of them, in Bates county, and that the same was the property of Lewis Smallwood, they should find him guilty, and assess his punishment in the penitentiary for a term not less than two, nor more than five years.

For the defendant the court instructed the jury, that unless they found from the evidence that the offense charged in the indictment was committed in the county of Bates, and State of Missouri, they should find for the defendant, though it might appear that defendant was seen with the cattle in the State of Kansas.

Defendant asked for another instruction, which virtually took the case from the jury by declaring, that there was no evidence that proved or tended to prove that defendant stole the cattle in Bates county, and the jury should therefore acquit.

This instruction was refused and rightfully. Venue is a matter which is to be proved like any other fact, and there were circumstances given in evidence from which the jury might justly have inferred, or deduced, the fact that the crime was committed in this State.

The instructions given on both sides are entirely unobjectionable and are to be commended for succinctly confining themselves to the real issue in the case.

Upon the whole the accused seems to have had a fair trial, and we have been wholly unable to find anything which would justify us in disturbing the verdict.

The judgment is affirmed; the other judges concur except Judge Vories, who is absent.