## THE STATE v. MUSICK, *Appellant.*

1. **Criminal Law**: PRACTICE IN SUPREME COURT. The Supreme Court will not reverse a judgment in a criminal case on the ground that the verdict is against the evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is that the jury must have acted from prejudice or partiality. (*State v. Cook*, 58 Mo. 548.)

2. **Evidence.** That a number of witnesses testify to a given state of facts exceeding the number who testify to the contrary, does not necessarily constitute a preponderance of evidence.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*G. H. Hospes* for appellant.

*J. L. Smith*, Attorney-General, for the State.
26—71

HENRY, J.—The defendant was tried and found guilty on the third count of the indictment, which charged him with an assault upon one Hoffstetter and doing him great bodily harm by shooting him with a pistol. Hoffstetter and Jacob Reich both testified positively that defendant shot Hoffstetter. For defendant, Musick, Patton, Griger, Kam and Rosenthal testified that Musick did not, but that Patton did the shooting, and the only point relied upon by defendant's attorney for a reversal, is that the verdict of the jury is against the evidence in the case. In the *State v. Cook*, 58 Mo. 548, this court held that: "It is only when there is a total absence of evidence, or it fails so completely to support the verdict, that the necessary inference is, that the jury must have acted from prejudice or partiality, that we will attempt to relieve for that reason, even in a criminal case." Here two witnesses testified positively that the accused shot Hoffstetter. Five witnesses, including the accused and Patton, testified as positively that Patton shot him. The jury, having all the witnesses before them, and being in a situation to observe their demeanor as witnesses, could better determine what credit should be given to their testimony than this court can from the mere perusal of the evidence preserved in the bill of exceptions. There was evidence to support the verdict, and while the preponderance seems to be on the side of the accused, we cannot say that the witnesses who testified for the accused, although outnumbering those who testified against him, are entitled to more credit than the latter. That a number of witnesses testify to a given state of facts exceeding the number who testify to the contrary, does not necessarily constitute a preponderance of evidence. The judgment is affirmed. All concur.