THE STATE v. REED, *Appellant.*

1. **Criminal Law**: FELONY: ACCESSORY AFTER THE FACT.  One who conceals or aids a felon, not in order that he may escape arrest, trial, conviction or punishment, but for some other purpose, cannot be convicted as an accessory after the fact under Revised Statutes, section 1650.

2. ———: EVIDENCE.  On a trial under said statute for being an accessory after the fact in the larceny of a horse by one F., declarations of the latter that defendant participated in the steal. ing of another horse about the same time, and belonging to another person than the one from whom the first horse was stolen are inadmissible in evidence.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

·REVERSED.

*Wooldridge & Daniel* for appellant.

(1) The indictment is insufficient.  It does not follow the language of the statute.  The latter does not intend to punish a concealment of the offender from motives of humanity or charity, or from any other motive or interest than that the offender "may escape or avoid arrest, trial, conviction or punishment."  The indictment should have been in the language of the statute and charged that the acts complained of were done with no other motive or intent.  Archbold's Pleading and Evidence (5 Am. Ed.) side page 692.  (2) The evidence does not support the conviction.  (3) There is no venue proven.  Such proof is necessary either directly or by circumstances.  *State v. McGinnis,* 76 Mo. 326; *State v. West,* 69 Mo. 404; *State v. Burns,* 48 Mo. 438; *State v. Miller,* 71 Mo. 89.  (4) The court erred in admitting the confessions of defendant to Kyle.  It does not appear they were voluntary, and the statements

relative to taking Gentry's horse were irrelevant, and calculated and intended to prejudice the jury against defendant. *State v. Brockman,* 46 Mo. 566, 569; *State v. Simon,* 50 Mo. 370, 372 ; *State v. Hogan,* 54 Mo. 195 ; *State v. Jones,* 54 Mo. 478; *State v. Carlisle,* 57 Mo. 102 ; Wharton's Criminal Evidence, sec. 673 ; 1 Greenl. on Evidence (11 Ed.) sec. 219. The same authorities apply also to those statements made by defendant to witness, Ingrum. (5) The second instruction for the state is wrong in that it assumes that "the mare in question" was stolen. *Merrett v. Given,* 34 Mo. 98, 147 ; *Peck v. Ritchey,* 66 Mo. 114 ; *Moffat v. Conkling,* 35 Mo. 453 ; *Chouquette v. Baradas,* 28 Mo. 491 ; *State v. Dillahunty,* 18 Mo. 331.

*B. G. Boone,* Attorney General, for the state.

(1) The indictment is sufficient. It is founded on section 1650, Revised Statutes. It clearly sets forth all the circumstances which constitute a definition of the offence, and the intent is charged with certainty and particularity. 1 Chit. Crim. Law, 281, 283 ; 1 Bish. Crim. Pro. (3 Ed.) sec. 632 ; *State v. Shiflett,* 20 Mo. 415 ; *State v. Coulter,* 46 Mo. 564 ; Revised Statutes, sec. 1821. (2) The evidence of E. C. Kyle, on behalf of the state, was properly admitted. It was not hearsay. The evidence in regard to collateral facts was a part of the main fact and directly connected with it. 1 Bish. Cr. Pro. (3 Ed.) sec. 1085 ; *State v. Earnest,* 70 Mo. 520 ; *State v. Underwood,* 75 Mo. 230 ; *State v. Emery,* 76 Mo. 347 ; *State v. Grant,* 79 Mo. 113. For the same reasons, the evidence of Thos. E. Gentry, for the state, was properly admitted. (3) The voluntary statements of the accused, while under arrest, were admissible in evidence against him. *State v. Shermer,* 55 Mo. 83 ; *Hawkins v. State,* 7 Mo. 190; *State v. Guy,* 69 Mo. 430. (4) The evidence presented a clear and complete chain of facts and circumstances to sustain the indictment. This was suffi-

cient to warrant the conviction of defendant. *State v. Schoenwald,* 31 Mo. 147; *State v. West,* 69 Mo. 404. (5) The instructions given were proper declarations of the law applicable to the case.

HENRY, C. J.—The defendant was indicted in the Cass circuit court as accessory after the fact to a grand larceny charged to have been committed by one John D. Fredericks. A trial of the cause was had at the November term, 1884, of said court, which resulted in the conviction of defendant, and his punishment was assessed at two years' imprisonment in the penitentiary. The indictment is based upon section 1650, Revised Statutes, which reads as follows: "Every person not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity, who shall be convicted of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a felony, with the intent and in order that he may escape or avoid arrest, trial, conviction or punishment, and no other, shall be deemed an accessory after the fact."

The indictment charges the concealment, etc., with the intent, and in order that said Fredericks might make his escape, etc., but failed to negative any other intent. The words, "and no other," in the section relate to the intent, and not to the person who may be held guilty of the offence. The first part of the section declares that every person, except those standing in the relations specified, who shall do the act prohibited, shall be deemed guilty as accessories after the fact. That includes all persons except those standing in the relations specified, and the words, "and no other," have no relation to that portion of the section. Their place in the section and its completeness without those words as to the persons who may be deemed guilty of the offence, make it manifest that they relate to the intent. What

is the meaning of the section holding those words to relate to the intent? Did the general assembly mean that if a person conceals a felon with a double intent, although both may be criminal intents, he cannot be convicted under this section? If he does the act with the guilty intent named, and also another intent equally criminal, does the existence of the latter intent cancel the criminal liability for the other guilty intent? If such is the meaning of the section, then it would be impossible ever to secure a conviction under it, for no one ever yet concealed or aided a felon to escape from justice who had but the single intent to aid him to escape. Such a construction makes the section absurd. What it means is, that no one shall be deemed guilty, under that section, who conceals or aids a felon, not in order that he may escape from justice, but for some other purpose. I concede that the meaning is not very happily expressed, but it is our duty to ascertain as best we may from the language employed, the legislative intent, and not to defeat it, because not as artistically expressed as it might have been. The indictment, if we have given the proper construction to the statement, is sufficient.

On the trial of the cause the state was permitted to prove by one Kyle, declarations by Fredericks of defendant's participation in the theft of a horse belonging to one Gentry, stolen about the time that Kyle's mare was stolen. This testimony should have been excluded. The defendant was indicted, not for stealing Gentry's horse, or as an accessory after the fact to that theft, but as an accessory after the fact to the stealing of Kyle's mare. There was no such intimate connection between the two crimes that in proving the one, the evidence necessarily tended to prove the other. Nor is there any resemblance between these crimes and that of counterfeiting and passing counterfeit money, and similar cases in which it is allowable to prove other criminal acts than those charged in the indictment. These are exceptional cases. But, even if evidence to prove the commission of

another crime was admissible, certainly it is not to be proved by hearsay testimony. Here Kyle testifies that Fredericks made statements to him implicating defendant in the theft of Gentry's horse. The principle upon which the declarations of conspirators are admissible against each other when made in the prosecution of crime, has no application here. The declarations of co-conspirators against each other are not ad nitt d af er the objects of the conspiracy have been accomplished, but only while they are in the prosecution of the criminal enterprise. These principles are too familiar and too well settled to require the citation of authority announcing them, other than those found in our own reports. *State v. Duncan*, 64 Mo. 263; *Laytham v. Agnew*, 70 Mo. 48. The testimony of Gentry in relation to the stealing of his horse was also inadmissible on the ground first above stated in relation to the inadmissibility of Kyle's testimony.

The judgment is reversed and the cause remanded. All concur, except Sherwood, J., who dissents.