State of Missouri, Respondent, v. Lucien Berry
ET AL., Appellants.

Kansas City Court of Appeals, February 8, 1887. ·

1.   Criminal Law—Construction of Section 1541, Revised Stat-
     utes—Case Adjudged.—In an indictment under section 1541,
     Revised Statutes, relating to lascivious behavior, the court in-
     structed the jury, among other things, that it was not necessary
     that the jury should find that the parties held each other out as
     man and wife, or that they were living together as such. *Held,*
     that the statute does not make the living together as man and wife
     one of the elements of the offence ; and it was not necessary for
     the jury to find that the defendants did so live together, and that
     the instruction properly declared the law.

2.   —————— Practice—Failure of Evidence Necessary to Invali-
     date Verdict.—Unless there is a total failure of evidence, or
     the evidence is of such a character as to make the inference neces-
     sary that the jury acted from prejudice or partiality, this court
     cannot interfere on the ground that the evidence did not warrant
     the verdict.

3. —— Practice—Competency of Evidence—Case Adjudged. Where a man and woman are jointly indicted and jointly tried for the same offence, as in this case, an admission by one is not generally admissible in evidence against the other; yet the admission is admissible in evidence *against the one who made it*, and it is not inadmissible because of being jointly tried with another defendant, against whom it is inadmissible. The remedy to the party affected by it is to move a direction to the jury as to its application and effect.

4. —— Evidence—Reputation of one of the Parties—When Admissible.—Evidence of the reputation of one of the parties, especially if notorious, or known to the other, may help to explain their conduct toward each other. In cases such as this is, it is admitted in aid of, and as incidental to, the other circumstantial evidence, and not as in itself evidence to prove the charge.

Appeal from Vernon Circuit Court, Hon. Charles G. Burton, Judge.

*Affirmed.*

Statement of case by the court.

The defendants were jointly indicted for a violation of that part of section 1541, Revised Statutes, which provides, " every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other," on conviction, shall be adjudged guilty of a misdemeanor.

The defendants were jointly tried, there having been no severance. The defendants introduced no evidence concerning the reputation of the female defendant; she was not examined as a witness ; but the court, against the defendants' objections, permitted the state to introduce evidence tending to show that her reputation for chastity was bad.

The defendants asked no instructions. The court gave several instructions for the state, to only one of which is objection made by the defendants. That instruction is as follows :

"To convict the defendants of lewdly and lasciviously abiding and cohabiting together, you must find

that, at some time between the first of January and the first of November, 1883, the defendants did stay with and dwell together, for the purpose of having illicit sexual intercourse. It is not necessary that such abiding and cohabiting should have been open and public, or that they held each other out as man and wife, nor is it necessary that they should have stayed and dwelt together all their time, day or night; but it is necessary that during such time they should have habitually been together indulging in sexual intercourse; an occasional indulgence is not enough to constitute an offence."

The defendants were convicted and they have appealed to this court.

STRATTON & STONE, for the appellants.

I.    Instruction number five is misleading, and not a proper statement of the law, even according to the liberal interpretation given the section of the statute upon which the indictment is founded in *State v. West* (84 Mo. 440), where it was held the defendants must live together as man and wife.

II.    The testimony of George Lucas, A. R. Patterson, W. J. Fisher, and other witnesses, as to defendant Fluke's reputation for chastity, was clearly incompetent. She was on trial, was not herself a witness, nor was any evidence of good character offered. A citation of authorities is not considered necessary in support of this position. In our view of the law this objection is fatal to the verdict, at least so far as Mrs. Fluke is concerned. As to defendant Berry, the testimony should have been excluded as irrelevant. The fact is her "bad reputation" was the result of her supposed improper relations with Berry. In other words, it was the expressed opinion of busy-bodies and scandal mongers, as to the transaction at issue in the trial, or rather as to the relations existing between them. If the conduct of the defendants—then at issue, and on trial—was the basis of her "bad reputation;" the testimony should not have

been admitted to the prejudice of Berry.    But we hold it was irrelevant and immaterial, in any point of view.

III.    In the motion for new trial the defendant objected to the verdict on the ground that it was against the evidence, and the weight of the evidence, because, under the evidence in the case, the state was not entitled to a verdict.    Where the rights of parties imperatively demand the review of the evidence it should be made, or justice will not be done.    The *reputation* of these defendants is the stake.

B. G. BOONE, Attorney General, EMMET PHILIPS, for the respondent.

The indictment is drawn under the second clause of section 1541, and is good.    R. S., sect. 1541 ; *State v. Byron*, 20 Mo. 210.    The Supreme Court will not lightly interfere with verdicts, even in criminal cases, unless the verdict is manifestly unjust.    *State v. Connell*, 49 Mo. 282–290 ; *State v. Cook*, 58 Mo. 546 ; *State v. Burnside*, 37 Mo. 343–346 ; *Papin v. Allen*, 33 Mo. 260–261 ; *McLean v. Bragg*, 30 Mo. 262 ; *State v. Emery*, 76 Mo. 348.

## I.

HALL, J.—The instruction set out in the foregoing statement of the facts of this case is substantially the same as the instruction approved in *State v. West* (84 Mo. 441), with the one exception that the instruction in that case directed the jury that they must find that the defendants lived together as man and wife.    But in that case it was not held that it was necessary for the instruction to have so directed the jury.    The point decided in that case was that the trial court properly refused to instruct the jury that the acts must be open and notorious to constitute the offence charged against the defendants in the present case.

The statute does not make the living together as

man and wife one of the elements of the offence, and hence it was not necessary for the jury to find that the defendants did so live together. The instruction properly declared the law. Kelley's Crim. Law & Practice, sect. 849. But that instruction was not, as a matter of fact, open to the objection made by the defendants, when considered in connection with instruction number six, given by the court for the state. The latter instruction was as follows:

"The court instructs the jury that proof of occasional illicit intercourse between the defendants will not be sufficient to authorize a conviction; but that to convict they must be satisfied from the evidence in the case, beyond a reasonable doubt, that the defendants did lewdly and lasciviously abide and cohabit with each other, as if the conjugal or marital relations existed between them, and that illicit intercourse must have been habitual."

Instructions five and six, taken together, declared the law as the defendants contend here it should have been declared. We repeat, the objection made to the instruction referred to, is without merit.

## II.

The evidence in this case was, as is usual in cases of a like character, wholly circumstantial. We say very frankly that the evidence was not of a strong character, and, had we sat as triers of the facts of the case, in all probability we should have found the defendants not guilty, under the evidence. But there was not a total failure of evidence, nor was the evidence of such a character as to make the inference necessary that the jury acted from prejudice or partiality. It is only in such a case that we can interfere on the ground that the evidence did not warrant the verdict. *State v. Cook*, 58 Mo. 548; *State v. Burnside*, 37 Mo. 346. The following remarks made in the last cited case are most pertinent to

the present case: "There is, most obviously, not a total want of testimony, for there are circumstances, which, if taken together, go very far to support the verdict. And it would be impossible to review this testimony, and give it its proper weight and credit, without knowing something of the character of the witnesses, hearing them detail it, and being conversant with any bias or influence which may have operated on them."

## III.

Evidence that the female defendant's character was bad for chastity, was not admissible against her, because she had not put her character in issue; until she did put her character in issue the state could not impeach it as against her. Wharton's Crim. Evid., sect. 64; Kelley's Crim. Law & Prac., sect. 241; *State v. Creson*, 38 Mo. 372.

It does not, however, necessarily follow that the evidence was inadmissible against the other defendant, from the fact that it was inadmissible against the female defendant. If the evidence was in law admissible against the male defendant, it was not inadmissible because he was jointly tried with the female defendant, against whom it was inadmissible. 1 Bishop's Crim. Proc., sect. 973. In a case where a man and woman are jointly indicted for, and are jointly tried on a charge of adultery, an admission by one is not generally admissible in evidence against the other, yet the admission is admissible in evidence against the one who made it. *Frost & Hays v. Commonwealth*, 9 B. Mon. 362; *Commonwealth v. Thompson*, etc., 99 Mass. 444.

In *State v. Phillips & Ross* (24 Mo. 484), it is said with reference to this question: "It is usual for courts, when evidence, proper in itself, is given, but which is incompetent against one party, or for certain purposes, to explain at the time to the jury the proper application and effect of the evidence received. If the court failed

to do this voluntarily, the party should move a direction to the jury as to its application and effect, and, on the refusal of the court to give such direction, should except. But if he fails to do this, as the evidence was competent for some purposes, or against some of the parties, it is obvious that no assignment of error can be based upon its admission. In such cases, as the evidence is strictly admissible, this court has not relieved a party against whom it may have been prejudicial, when he has failed to ask a direction as to its application and effect. This has been the constant practice."

In the present case the objection made to the evidence was general, no instruction whatever was asked by the defendants, and it follows that, if the evidence was admissible as against her co-defendant, the female defendant is in no condition to now complain on account of its admission. The question, therefore, is, was the evidence admissible as against the male defendant?

In an action by the wife against the husband for divorce on the ground of adultery, evidence of the bad reputation of a certain woman for chastity, is admissible against the husband in connection with other evidence tending to show relations of an equivocal character between the husband and woman, either in the manner of their association, or in the time, place and circumstances in which they are shown to be with each other. See generally on this subject, 2 Bishop on Marriage & Divorce, sections 612–627. In such cases, evidence of the reputation of one of the parties, especially if notorious, or known to the other, may help to explain their conduct towards each other. It is admitted in aid of, and as incidental to, the other circumstantial evidence; and not as in itself evidence to prove adultery." *Clement v. Kimball*, 98 Mass. 536.

And it has been held that the same rule applies to criminal cases in which a man is charged with adultery. Bishop Stat. Crimes, sect. 679; *Blackman v. The State*, 36 Ala. 295; *Commonwealth v. Gray*, 129 Mass. 474. In

the last cited case it is said. "At any time, upon a charge of adultery, the government, after showing the defendant's presence, under suspicious circumstances, with a woman, may show that the woman is a prostitute."

We hold that the evidence was competent as against the male defendant, in connection with the other facts in evidence. The judgment is affirmed. All concur.