The State v. Nelson.

---

THE STATE v. NELSON· et al., Appellants.

1. Criminal Law: PRINCIPAL AND ACCESSORY. One who is present aiding and abetting others in the perpetration of an offense is guilty as a principal in the crime, although he did not personally participate in its commission.

2. ——— : PRACTICE. The supreme court will not interfere with a verdict unless it is evident that it is the result of passion, prejudice or partiality on the part of the jurors.

3. ———: ———: DEFENDANT AS A WITNESS, IMPEACHMENT OF. It is not competent to attack the character of a defendant in a criminal cause before he introduces evidence of his good character. But when he becomes a witness in his own behalf, he is to be treated like any other witness, and the record of his conviction of a former felony is competent when introduced to effect his credibility.

4. ———: ———: EVIDENCE. The prosecuting witness in a criminal cause should not be allowed to answer whether he had not a year or two previously made similar charges against respectable persons; and it would not be competent for any witness to so testify.

*Appeal from Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*J. LaDue* for appellant.

(1) There is not a particle of testimony in the case tending to implicate defendant Robert Royston in the difficulty, or tending to prove that Royston was present at the difficulty by any common design had and formed by and between defendants previous to the difficulty, to rob Wm. D. Munson, or any other party. (2) The court erred in ruling out the question propounded to John Munson, wherein said John Munson, one of the prosecuting witnesses in the case, and one of the men who claims to have been assaulted by defendants, was asked "if he had not been up here in Clinton, before the difficulty mentioned in this case, and got on a spree, when he made a similar charge against two respectable men in this city, with an attempt to rob him?" (3) The court below erred in receiving and permitting to go before the jury, against defendants' objections, the indictments and the records of the Henry county circuit court, showing the proceedings had on said indictments, as evidence against defendants in this cause, for the reason

that said indictments, and records so admitted as evidence in this case against defendants had no connection with, or relation to, the case at bar, and for the further reason that said evidence was offered and received for the purpose of impeaching the character of appellants, when as a matter of fact, appellants had not put that question in issue, by the testimony for the defense, or in any other manner, as is admitted in the record by the state. *State v. Tabor*, 95 Mo. 585 and cas. cit.; *State v. LaPage*, 24 Amer. Rep. 75; *State v. Rainsbarger*, 31 N. W. Rep. 355. (4) Even after defendant has made his character an issue in a case by offering testimony to sustain it, the state is prohibited from attacking it by proof of particular acts; and is confined to proof of his general reputation. *Com. v. O'Brien*, 20 Amer. Rep. 325; *Engleman v. State*, 52 Amer. Dec. 499; *Kinchelow v. State*, 5 Humph. 9; *Snyder v. Commonwealth*, 85 Pa. St. 518; *Nowell v. Commonwealth*, 5 Gratt. 665; *People v. Daniels*, 11 Pac. Rep. 655.

*John M. Wood*, Attorney General, for the State.

(1) The evidence fully justified the jury in finding the defendants guilty, and as has been repeatedly held, this court will not disturb the verdict of the jury on the ground that it is against the weight of evidence, unless it appears that the jury acted from prejudice or passion. *State v. Lowe*, 93 Mo. 547; *State v. Cook*, 58 Mo. 548; *State v. Musick*, 71 Mo. 401; *State v. Warner*, 74 Mo. 38; *State v. Hammond*, 77 Mo. 159. (2) The records offered in evidence, for the purpose of impeachment, of the indictment and conviction of appellant, James Nelson, of larceny from a dwelling house, and of the indictment and conviction of appellant, Robert Royston, of an assault with intent to kill, and of the conviction of appellants, Bose Reese and James Nelson,

of an assault with intent to rob, was competent for the purpose of affecting the credibility of the testimony of defendants. The testimony was properly confined to that purpose by the second instruction given by the court on the part of the state, and in the admitting of such testimony or the giving of said instruction there was no error. *State v. Taylor, ante,* p. 240 ; *State v. Bulla,* 89 Mo. 598; *State v. Palmer,* 88 Mo. 571 ; *State v. Kelsoe,* 76 Mo. 505, and authorities cit.; *State v. Rugan,* 68 Mo. 214 ; *State v. Testerman,* 68 Mo. 414 ; *State v. Clinton,* 67 Mo. 380 ; *State v. Cox,* 67 Mo. 392 ; 1 Greenl. Ev., sec. 457–460. (3) John Munson was not a prosecuting witness as stated by appellants. The indictment does not charge that the assault was made upon him, and the court properly refused to permit him to answer the question whether he had not, a year or two before this difficulty, made a similar charge against two respectable citizens. That this testimony would have been wholly immaterial and irrelevant needs not the citation of authorities.

SHERWOOD, J.—I. The defendants, three negroes, were indicted for an assault with intent to rob one Wm. D. Munson. Tried upon this charge, they were convicted and their punishment assessed at five years each in the penitentiary. The testimony on the part of the state was sufficient to authorize the conviction of all the defendants ; Royston as well as the other two, because the testimony clearly shows that he was present assisting and abetting his co-defendants although he did not personally participate in the assault, made. The testimony of the defendants was contradictory of that of the state's witnesses, but this fact is immaterial, since such contradictions are matters for the jury with which this court does not as a rule interfere; but only interferes

where the verdict of guilty is the evident result of prejudice, passion, etc., on the part of the jurors. All of the decisions of this court teach this doctrine, and they never teach any other. *State v. Cook*, 58 Mo. 548 ; *State v. Musick*, 71 Mo. 401 ; *State v. Warner*, 74 Mo. 38 ; *State v. Hammond*, 77 Mo. 159 ; *State v. Packwood*, 26 Mo. 340 ; *State v. Lowe*, 93 Mo. 547 ; *State v. Primm*, *ante*, p. 367.

II. It is not competent to attack the character of a defendant in a criminal cause before he puts in evidence of a good character ; but when he becomes a witness in his own behalf, he is to be treated like any other witness, and the record of his conviction of a former felony is undoubtedly competent when introduced to affect his credibility, and the records in this case were confined to their legitimate purpose by the second instruction given by the court at the instance of the state. *State v. Rugan*, 68 Mo. 214 ; *State v. Kelsoe*, 76 Mo. 505, and cas. cit.; *State v. Taylor*, *ante*, p. 240.

III. *Wm. D. Munson*, and not *John D. Munson*, was the prosecuting witness ; the court did right therefore in refusing the latter permission to answer the question whether he had not a year or two previously made a similar charge against two respectable citizens. And it may be said that even had Jno. D. Munson been the prosecutor that the testimony sought to have been elicited would still have been inadmissible.

IV. As to the other instructions they are such as have frequently received the sanction of this court.

We affirm the judgment. All concur.