The State v. Osborne.

STATE OF MISSOURI, Respondent, v. JAMES OSBORNE, Appellant.

St. Louis Court of Appeals, February 18, 1890.

Criminal Law : ADULTERY. Proof that a married man occasionally had sexual intercourse with an adult female, residing with him as a servant, is not sufficient to warrant a conviction under Revised Statutes 1879, section 1541, for lascivious cohabitation, in the absence of evidence that the parties dwelt together for the purpose of having illicit sexual intercourse.

*Appeal from the Lawrence Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED (*and defendant discharged*).

*French & Davis* and *McPherson Bros.*, for the appellant.

Occasional illicit intercourse between the parties is not sufficient to warrant a conviction. They must live together publicly in the face of society, as if the conjugal relation existed between them, and the illicit

intercourse must have been habitual. Kelley's Crim. Law and Prac., sec. 486, p. 479; *State v. Berry*, 24 Mo. App. 466; *State v. West*, 84 Mo. 441.   There was no evidence of such intercourse, and, therefore, the defendant should have been discharged.

*Jos. M. Davis*, Prosecuting Attorney of Lawrence county, for the respondent.   .

To sustain this charge it must appear, merely, that one or both of the parties are married, and that they lewdly and lasciviously abided and cohabited with each other, habitually, to the detriment of public morals. Kelley's Criminal Law, sec. 849.   The evidence shows that appellant had sexual intercourse with Mary A. Yandle, at intervals of about two weeks for a period of two or three months.   If this is not habitual, how often must it occur to become so?   It is not necessary, in order to constitute this offense, that the parties must live together publicly, as claimed by appellant. *State v. Berry*, 24 Mo. App. 466; *State v. West*, 84 Mo. 440–442. Neither does the statute make the living together as man and wife, as if the conjugal or marital relation existed between them, one of the elements of this offense, although appellant had the benefit of an instruction to that effect.   (Instruction number 3.) *State v. Berry*, 24 Mo. App. 469–470.

THOMPSON, J., delivered the opinion of the court.

This was an indictment under that portion of section 1541 of the Revised Statutes of 1879, which enacts that "every man and woman, one or both of whom are married and not to each other, who shall lewdly and lasciviously abide and cohabit with each other," shall be adjudged guilty of a misdemeanor. The defendant was found guilty and sentenced to pay

a fine of four hundred dollars and to be imprisoned for four months in the county jail.

The errors, which he assigns, are that the verdict is against the evidence and against the instructions of the court, and that the court erred in refusing to instruct the jury to find the defendant not guilty. In other words, the assignments of error amount substantially to this, that the evidence was not sufficient as matter of law to support a conviction.

The evidence showed that the defendant was a married man and was living with his wife and two children; that the female implicated with him was the unmarried daughter of a neighbor of his, about twenty years of age; that he engaged her services of her father, as a domestic to assist in taking care of his children; that, while so employed by him as a domestic in his house, he had five separate acts of sexual intercourse with her, at intervals of about two weeks between each act. The first act took place while his wife was away during a temporary absence in Arkansas, which absence lasted for two weeks. The other acts took place after his wife returned, but while she was absent from the house, either in the day or night time. The defendant and the implicated female never slept together, and these occasional acts of sexual intercourse were had in secret and were known only to themselves. They would not have been known at all, if she had not told of them to her cousin, who told her father. Thereupon, the latter had the defendant arrested for rape, but, this prosecution not being successful, he set on foot this criminal proceeding against him. This case is remarkable from the fact that the only evidence of the acts of sexual intercourse were detailed by the implicated female, who identifies them as to number, and the intervals of time which elapsed between them. She also testifies that the defendant and she had made an arrangement by which they were to go to Colorado and

live together there, but this arrangement was made after the intercourse ceased.   Upon this evidence the defendant moved the court to direct the jury to bring in a verdict of acquittal, which instruction the court refused.

The instructions upon which the court submitted the case to the jury were drawn in conformity with the views of the supreme court in *State v. West* 84 Mo. 441, (followed by the Kansas City Court of Appeals, in *State v. Berry*, 24 Mo. App. 466), except as below noted.   Those instructions left it to the jury to say on the evidence whether the defendant " did lewdly and lasciviously abide with and cohabit with (the implicated female), by living with her in his house and habitually having sexual intercourse with her and cohabiting with her in a lewd, lascivious, lustful and wanton manner, although such acts need not have been open and notorious," and also stating the other statutory elements of his being a married man, etc.   The court, at the request of the defendant, threw the instruction into a negative form, and told the jury that " proofs of occasional illicit intercourse between the defendant, James Osborne, and (the female) will not be sufficient to authorize a conviction, but that to convict they must be satisfied from the evidence in the case, beyond a reasonable doubt, that the defendant James Osborne and (the implicated female) did lewdly and lasciviously abide together and cohabit with each other, as if the conjugal or marital relation existed between them, and that the illicit intercourse must have been habitual."   The court in this last instruction probably went further in favor of the defendant than the law would warrant; for the statute does not make it necessary that the lewd and lascivious abiding and cohabiting together should have been as man and wife, or in the ostensible character of man and wife.   See on this point *State v. Berry*, 24 Mo. App. 466, where an instruction was sustained, which told the jury that it was not necessary to a conviction that the criminal parties should hold each other out as man and wife.

But in the instruction which was given in *State v. Berry, supra*, and which was approved by the Kansas City Court of Appeals, the jury were told that, in order to a conviction, they must find that " the defendant did stay with (*sic*) and dwell together, *for the purpose* of having illicit sexual intercourse." We think that this element of dwelling together for the purpose of having lewd and lascivious intercourse is a necessary ingredient of the offense under the statute, and is necessary to discriminate the offense from occasional acts of illicit sexual intercourse, which, according to the decisions above cited, do not constitute the offense. In other words, it seems to us that where the parties live together in a lawful relation and for lawful purposes, as master and servant, or otherwise, and the purpose of their dwelling together is not to have habitual sexual intercourse with each other, and there is nothing to show that they came together or continued together for that purpose, occasional acts of sexual intercourse, committed while they are so dwelling together, however reprehensible in morals, do not constitute the offense against which the statute was leveled. The judgment will be reversed and the defendant discharged. All the judges concur.