THE STATE v. CROW, *Appellant*.

DIVISION TWO.

1. **Criminal Law**: LARCENY : INDICTMENT. An indictment for grand larceny which describes the subject of the larceny as "certain neat cattle, to-wit, one cow," is sufficient under section 1307, Revised Statutes, 1879, making the stealing of neat cattle grand larceny.

2. ———— : ———— : EVIDENCE : VARIANCE. Proof of the theft of "a heifer" under an indictment charging the larceny of "a cow" is not a fatal variance where the trial court did not find it prejudicial to the defendant or material to his defense. ( R. S. 1879, sec. 1820.

3. ———— : PRACTICE : PROOF OF GOOD CHARACTER : CROSS-EXAMINATION OF WITNESS. A witness for the defendant in a criminal cause who testifies to the latter's good character may, on cross-examination, be interrogated as to his sources of information and his knowledge of the character of the accused, although other and independent crimes charged against the defendant may thereby be disclosed.

4. ———— : ———— : EVIDENCE. A witness for the state who denies the correctness of what purports to be his testimony before the grand jury cannot be cross-examined upon it by the prosecuting attorney, and, after the court has so ruled, it is improper for him to state to the jury, in effect, what the witness' testimony was and that, at the proper time, he would read it.

5. ———— : ———— : ————. Such action of the attorney will not, however, constitute reversible error, where the trial court did not find it prejudicial to the defendant, and where the matters attempted to be shown by the witness were proved by others.

6. ———— : ————. On a trial for the killing and larceny of a cow, it is not error to allow the hide sold by the defendant to be exhibited to the jury, and pieces of the ears and dewlap found at the place of the killing to be fitted to the hide in the jury's presence. Such evidence is competent to identify the animal killed and to show that the marks and brands had been mutilated.

*Appeal from Crawford Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*L. B. Woodside* and *J. T. Woodruff* for appellant.

(1) There was a fatal variance between the property described in the indictment and the evidence offered in proof thereof. Bouvier's Dict., p. 454 ; 2 East, P. C. 616 ; 1 Leach, 105 ; Kelley's Crim. Law, p. 321, sec. 543, and p. 322, sec. 594; 2 Hale, 182 ; 2 East, P. C. 616. (2) The property should have been described as neat cattle. R. S. 1889, sec. 3535. The motion in arrest of judgment should have been sustained. (3) Evidence that defendant had been charged with selling whiskey without license was improper and prejudicial to defendant. *State v. Taylor*, 98 Mo. 240 ; *State v. Barnard*, 64 Mo. 260. Evidence that defendant had been indicted

and tried for stealing cattle prior to this was improper. *State v. Reed*, 85 Mo. 194; *State v. Reavis*, 71 Mo. 419. (4) The conduct of the attorney for the state in reading in the hearing of the jury what he claimed was the testimony of John Crow before the grand jury was improper, and he should have been rebuked by the court at the time, and should now receive the condemnation of this court. *State v. Thomas*, 99 Mo. 235; *State v. Mathews*, 88 Mo. 121; *State v. Trott*, 36 Mo. App. 30. (5) The remarks of the prosecuting attorney were improper and constituted reversible error. *State v. Young*, 99 Mo. 666; *State v. Jackson*, 95 Mo. 624; *State v. Mahley*, 68 Mo. 316.

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges the offense of grand larceny. *State v. Lawn*, 80 Mo. 241, and cases cited. (2) The variance, if any, between the charge and the proof was not material, and does not constitute reversible error. R. S. 1889, sec. 4114; *State v. Wammack*, 70 Mo. 410; *State v. Meyers*, 82 Mo. 558, and cases cited; *State v. Nelson*, 101 Mo. 477; *State v. Hill*, 65 Mo. 84; *State v. Donegan*, 34 Mo. 67; *State v. Law, supra*. (3) A witness who testifies to the good reputation of a defendant may be cross-examined, as to his sources of information, although defendant be thereby shown to be guilty of other crimes. *State v. Emery*, 76 Mo. 348. It was admissible as impeaching the credibility of the witness. *State v. Hughes*, 71 Mo. 633. When a witness is called on the question of general character, a liberal cross-examination should be allowed touching his knowledge of credibility. *State v. Miller*, 71 Mo. 89. On cross-examination the witness may be compelled to answer any question which tends to test his credibility. *Muller v. Hospital Ass'n*, 73 Mo. 242. The record of conviction is only required to be produced where it proposes to show that the witness brought under investigation has been convicted of some crime; it is not so where

the question is asked the witness for the purpose of honestly discrediting him; when asked under such circumstances it is competent. *State v. Miller*, 100 Mo. 606, and authorities cited. Under all the authorities, the cross-examination was permissible. Wharton, Crim. Evidence [9 Ed.] secs. 474-477, and notes. (4) The court did not err in its ruling on the objections made by the defendant to the manner in which the prosecuting attorney examined John Crow. *Schlicker v. Gordon*, 19 Mo. App. 484; *State v. Matthews*, 88 Mo. 121. (5) The witness Martin, being possessed of part of the ear and hide in the courtroom, and exhibiting them to the jury and fitting them together, was perfectly admissible, as tending strongly to establish the fact that the animal which had been killed and skinned, and the skin of which was produced in the courtroom, was the one belonging to the prosecuting witness. All the facts and circumstances throwing light on the transaction in a case of larceny are admissible. *State v. Gabriel*, 88 Mo. 631. (6) The remarks of the prosecuting attorney were warranted by the evidence, and were within the bounds of legitimate argument, and constitute no grounds for a reversal. *State v. Zumbunson*, 86 Mo. 111; *State v. Walker*, 98 Mo. 95; *State v. Elvins*, 101 Mo. 243; *State v. McNamara*, 100 Mo. 100.

MACFARLANE, J.—Defendant was indicted, tried and convicted in the circuit court of Crawford county for larceny of one cow, the property of Frank Martin. From the judgment he has appealed to this court.

I. The subject of the larceny was described in the indictment as "certain cattle, to-wit, one cow." A motion was made to quash the indictment for the reason that the description of the property charged to have been stolen was insufficient. We do not think so. The statute makes the stealing of "neat cattle" grand larceny. R. S. 1879, sec. 1307. A cow is included in the class of domestic animals denominated "neat

cattle." An indictment describing the propery stolen as "certain cattle, to-wit, one steer," was held sufficient. *State v. Lawn*, 80 Mo. 241. The description in this indictment is equally good, and must be held sufficient.

II. Upon the trial the evidence showed that the animal charged to have been stolen was a two-year-old heifer. It is insisted that the variance between the allegation of "a cow" and the proof of "a heifer" is fatal to the verdict and judgment. There is nothing in the evidence to indicate that defendant was taken by surprise by reason of the introduction of this evidence, or, if there was a variance, that it was prejudicial to his defense, or material to the merits of the case. The circuit court did not find the variance prejudicial or material, and it was cured by the statute. R. S. 1879, sec. 1820; *State v. Nelson*, 101 Mo. 480.

III. G. W. Woodruff testified, as a witness in behalf of defendant, that the general reputation of defendant for honesty was good. On cross-examination the witness was asked, and permitted to answer, over defendant's objection, if he had not heard of the defendant being indicted for stealing other cattle, previous to this, and if he had not heard that the defendant had been charged with violating the revenue laws and selling whiskey without license. Witness answered affirmatively to each question, stating that he had also heard that he had been acquitted of the charge of stealing cattle. The rulings of the court in admitting this testimony are assigned as error. The exact question, so far as we are advised, has never been passed upon by this court and merits careful consideration.

That a defendant prosecuted on a criminal charge may, in all cases, introduce evidence of his previous good character is no longer a debatable question in this state, whatever restrictions may be placed upon the rule in other jurisdictions. *State v. Alexander*, 66 Mo. 148; *State v. Howell*, 100 Mo. 628. After the defendant has voluntarily put his character in issue it

is competent for the prosecution to meet the issue thus presented by evidence of bad reputation. Whart. Crim. Ev. [9 Ed.] sec. 61 ; 3 Greenl. Ev., sec. 25. The evidence thus allowed whether given in support or impeachment of the character of the accused must, as a rule, be confined to general reputation and cannot be extended to particular facts. *State v. Reed*, 85 Mo. 194 ; *State v. Reavis*, 71 Mo. 420. If the testimony of this witness had been offered by the state, as original evidence for the purpose of rebutting the evidence of good character previously introduced by defendant, it would have been clearly inadmissible. Defendant was presumed, when he put his general character in issue, to be prepared to defend it, but he could not be held ready to defend other independent acts with which he was not charged. *State v. Tabor*, 95 Mo. 590 ; *State v. Goetz*, 34 Mo. 85.

The ruling of the court cannot be defended upon the ground that the evidence was admissible for the purpose of rebutting defendant's evidence of good character, but, after careful consideration we are satisfied that it was properly admitted in cross-examination of the witness to determine his credibility and the sources of the information upon which the knowledge of defendant's character was obtained.

When the character of one on trial, charged with a criminal offense, is put in issue, the question becomes more than a mere collateral fact or circumstance in the case ; it becomes rather a defense to the prosecution and upon it alone the accused may be acquitted. "Evidence of character is offered to make a doubtful case," and upon a doubtful case the jury should acquit. *State v. Alexander*, 66 Mo. 148 ; *State v. Howell*, 100 Mo. 662 ; *Heine v. Com.*, 91 Pa. St. 145. To break down this defense would become as important as to overcome any other fact in the case and opportunity should be given to apply all the usual tests to determine the credibility and information of the witness called in its support ; the

question would be, is the evidence proposed to be drawn from the witness, on the cross-examination, relevant to the issue, and not whether it discloses another criminal act of defendant?

When defendant put this witness forward to support his character he subjected him to legitimate cross-examination upon the subject of inquiry and himself to such disaster as might result therefrom. Character is made up of acts and conduct, and evidence in respect to it is, by the rule of law, confined to the testimony of neighbors who, by association, know the general estimate placed upon it. Inquiry as to information of important facts and conduct of a defendant's life would, certainly, be relevant to show the grounds upon which the witness had made his estimate of character. Best on Ev., sec. 261 ; *Ingram v. State*, 67 Ala. 71 ; *Com. v. O'Brien*, 119 Mass. 346 ; *Rex v. Martin*, 6 C. & P. 562.

Reputation, itself, can only be known from hearsay information and the courts give great latitude in cross-examinations upon that question. "The real purpose (says Judge COOLEY in *Annis v. People*, 13 Mich. 511) of this cross-examination is to enable the court and jury to determine whether the impeaching witness in fact knows the general reputation of the other, and if so, whether he testifies truly in regard to it." 1 Greenl. Ev., sec. 461 ; *State v. Miller*, 71 Mo. 90 ; *State v. Beal*, 68 Ind. 345. The objections that are urged against the admissibility of this cross-examination to the extent it was carried, viz., that it is oppressive to a defendant to have accusations brought against him founded alone on rumors, and which he had no opportunity to defend, and that it multiplies collateral issues we do not think well taken. The first objection has been already answered. We may add, however, that it is a well-settled rule of evidence that, when a defendant goes on the stand to testify in his own behalf, his reputation may be impeached in the same manner, and to the same extent, as that of other witnesses, to the extent even of

proving that he has been convicted of felonies. *State v. Loehr*, 93 Mo. 103 ; *State v. Parker*, 96 Mo. 382 ; *State v. Nelson*, 98 Mo. 414.

This evidence would certainly be as damaging to defendant and his defense as that of witnesses testifying merely that he had heard of facts which, if true, would be damaging to his character. In the case of *State v. Emery*, 76 Mo. 348, a witness was allowed to show another independent assault for the purpose of contradicting the testimony of defendant as to his knowledge that the person assaulted was a policeman. We conclude that a defendant himself and his witnesses are subject to legitimate cross-examination though other independent crimes are thereby disclosed. Neither do we think it can be said that collateral issues are multiplied by the testimony more in one case than the other. After a witness has been interrogated in regard to the sources of his information and his knowledge of the character of the accused, the inquiry ends. No issue is made, as is the case when particular facts are sworn to in impeachment of the credibility of a defendant who testifies in his own behalf. The following authorities hereinbefore cited directly sustain our conclusions. 1 Best Ev., sec. 261 ; *Ingram v. State ; Com. v. O'Brien ; Rex v. Martin, supra.*

John Crow, a witness for the state, testified that on Sunday, September 16, defendant brought to his store and sold him two hides. The next day Frank Martin claimed one of them. Witness was asked if he saw Martin take a piece of an ear and fit it to the hide. To this question the witness answered no. The prosecuting attorney then showed the witness a paper which he said in the hearing of the jury was his testimony before the grand jury. After the paper had been identified, he asked witness if after refreshing his memory he did not make this statement before the grand jury ( reading from the paper), "I saw Mr. Martin take a piece of ear from his pocket, and I saw him fit it in the place cut

from the right ear on the hide.'' The witness answered that he did not so testify before the grand jury. Upon objection made by defendant's counsel the court held that the witness could not 'be cross-examined on his testimony given before the grand jury. The attorney for the state then stated that he had asked the question from the evidence of the witness before the grand jury and at the proper time he proposed to read all the witnesses' statements before the grand jury as evidence. This was all said and done in the presence and hearing of the jury.

There can be no doubt of the impropriety of counsel for the state in using the methods pursued in attempting to get before the jury what purported to be the testimony of this witness before the grand jury. This was especially improper after witness had repudiated the writing, and after the court had passed upon the admissibility of the evidence. In the heat of a legal contest counsel should not allow their zeal to lead them to violate the proprieties of judicial proceedings. We are unable to see in this case, however, that what was said and done could have operated to the prejudice of defendant. The trial judge saw and heard all that was done and said, and found nothing to justify him in setting aside the verdict or requiring special cautionary instructions. In such improper controversies both sides generally take part, and not infrequently only one side comes before the appellate court. Much must, therefore, be left to the judgment of the judge who knows all the facts, and his action should not be disturbed, unless it is manifest that prejudice has resulted. That no prejudice could have resulted from the action of the prosecuting attorney is clear. The hide and pieces of ear, being fully identified, were fitted together in the presence of the jury, and other witnesses testified to the fact that the pieces were fitted together when first obtained, and no one testified to the contrary. The fact then stood undisputed, and it was entirely immaterial what

was testified by this witness before the grand jury. *State v. Matthews*, 88 Mo. 121.

It was shown in evidence that defendant killed a two-year-old heifer in his field on Sunday, September 16, and took part of the beef and the hide to Sullivan on the same day and sold them. On that afternoon witnesses picked up, near where the heifer had been killed, pieces of the ears and the dewlap which had been cut from some cow. The hide that was sold by defendant and the pieces found were exhibited in evidence against defendant's objection. This evidence was clearly admissible for the purpose of identifying the animal killed, and showing that the marks and brands had been mutilated. Physical facts are often the most convincing testimony. *State v. Wieners*, 66 Mo. 14; *State v. Buchler*, 103 Mo. 208.

Some objections are raised to the instructions given, but upon examination we find them to be in substance such as have been often approved by this court in similar cases.

Objections were also made to the remarks of the prosecuting attorney in his closing address to the jury. We have read such parts of his remarks as were preserved in the record and find nothing in them that was not within the bounds of legitimate argument. Judgment affirmed. All concur.