STATE OF MISSOURI, Respondent, v. LON FAUGHT et al., Appellants.

Springfield Court of Appeals, January 10, 1910.

1. CRIMINAL LAW: Practice: Remarks of Prosecuting Attorney. Where the prosecuting attorney in closing his argument in a criminal case stated to the jury that "all you have to consider in this case is the evidence on the part of the State because there is no evidence on the part of the defendants," *held*, that his remarks could not be construed as referring to the fact that the defendants did not testify, and the statement was not objectionable.

2. CIRCUIT COURTS: Judge's Right to Question Witnesses. A trial judge has a right when a witness displays a reluctance to tell the whole truth, in furtherance of justice and in a proper manner, to ask questions calculated to assist the jury in ascertaining the truth.

140 App.—24

3. **APPELLATE PRACTICE: Circuit Courts: Remarks of Judge Not in Record.** Where appellant complains of remarks made by the trial court that do not appear in the record, they are not before the appellate court for consideration.

4. **CRIMINAL LAW: Appellate Practice: Sufficiency of Evidence.** An appellate court will not reverse a judgment in a criminal case on the ground that the verdict is against the evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is that the jury must have acted from prejudice or partiality.

Appeal from Christian Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*G. Purd Hays* for appellants.

(1) If the trial court has anything to say, he must say it in writing in his instructions to the jury. R. S. 1899, sec. 2639. (2) It is clearly an error for the attorney representing the State to refer to the defendant not testifying in his own behalf. The State must make its case. R. S. 1899, sec. 2638; State v. Moxley, 102 Mo. 374; State v. Graves, 95 Mo. 510; State v. James, 216 Mo. 394.

*Fred W. Barrett* for respondent.

(1) Where there is some evidence, in a criminal case, to sustain a conviction, the weight of the evidence is for the jury. State v. McGuire, 193 Mo. 215; State v. Stuart, 116 Mo. App. 327; State v. Toohey, 203 Mo. 674; State v. Williams, 9 Mo. 268; State v. Cruise, 16 Mo. 393; State v. Anderson, 19 Mo. 241; State v. Burnside, 37 Mo. 343; State v. Cronnell, 49 Mo. 282; State v. Cook, 58 Mo. 346; State v. Musick, 71 Mo. 401; State v. Preston, 77 Mo. 294; State v. Jackson, 95 Mo. 661; State v. Glahn, 97 Mo. 679. (2) The remarks of the court which are alleged to be improper must be preserved in the bill of exceptions and the record must show that objection was made thereto in the court below. State v. McChesney, 16 Mo. App. 259. (3) Be-

fore error can be assigned for improper remarks of the prosecutor, timely objection must be made to the court and the same overruled; and the remarks must go to the jury with the sanction of the court. State v. Forsythe, 89 Mo. 667; State v. Cook, 132 Mo. App. 167.

NIXON, P. J.—At the August term, 1908, of the circuit court of Christian county, Missouri, the following information was filed by the prosecuting attorney (formal parts omitted) :

"Fred W. Barrett, prosecuting attorney within and for the county of Christian, in the State of Missouri, informs the court under his official oath and upon his best information and belief that Lon Faught, William Beverage and Nelse Fisher, on or about the 15th day of August, 1908, in the said county of Christian, in the State of Missouri, did then and there unlawfully, wilfully, play at a game of chance, to-wit: A game of poker with each other for money, to-wit: Ten cents ante, and for property and gain; which said game of poker was a game of cards and played therewith adapted to, and used in playing games of chance for money, property and gain, and which said game of poker was a game of chance and which chance was a material element. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

It will be seen that this was a charge for playing a game of poker by appellants with a ten cent ante for property and gain with cards, charged to be a gambling device.

On November 18, 1908, upon a trial before a jury, the defendants filed a demurrer to the evidence introduced by the State, which was by the court overruled and exceptions saved. The jury assessed the punishment of the defendants at twenty-five dollars each. They have perfected an appeal to this court.

Three points are made by appellants why this appellate court should reverse the judgment and grant a new trial: (1) Because the trial court erred in overruling their demurrer to the evidence. (2) Because of improper remarks of the trial judge. (3) Because of improper remarks by the prosecuting attorney in his closing argument.

## I.

The objection that there was not sufficient evidence is wholly without foundation. There was sufficient evidence from which the jury were authorized to find the guilt of the defendants, and their finding is well supported by the testimony in the case. The witness for the State testified that the defendants were playing cards for money, and the facts and circumstances detailed in evidence amply warranted the finding that they were guilty of playing a game of poker as charged in the information. It has been repeatedly held in this State that an appellate court will not weigh the evidence if there is substantial testimony from which the jury might reasonably have found their verdict; and an appellate court will not reverse a judgment in a criminal case on the ground that the verdict is against the evidence unless there is a total absence of evidence or it fails so completely to support the verdict that the necessary inference is that the jury must have acted from prejudice and partiality. [State v. Musick, 71 Mo. 401; State v. Preston, 77 Mo. 294; State v. Glahn, 97 Mo. 679, 11 S. W. 260.] The demurrer to the evidence was properly overruled.

## II.

It is charged as a ground for reversal that the court in examining the witness, George Lawson, remarked to the witness in the presence of the jury that he thought the witness knew what the game of poker was. To this, the reply is sufficient that no remark of this

kind appears in the record brought here for our consideration. Another error alleged to have been committed by the trial judge was that he tried to make the witness, George Lawson, say that the witness knew the game played with cards was poker when the witness said he did not know. This contention is equally flimsy. The conduct of the trial judge throughout the trial and in the examination of this witness and in asking the questions was such as the law allows. The court had a right, when the witness displayed a reluctance to tell the whole truth, in furtherance of justice and in a proper manner, to ask questions calculated to assist the jury in ascertaining the truth. His conduct in this respect is not subject to the criticism of appellants' counsel, but was in the line of his duty and receives the approval and commendation of this court.

## III.

The remarks of the prosecuting attorney in his closing argument to which objection was made and on which a reversal of the judgment is demanded, were as follows: "Gentlemen of the jury, all you have to consider in this case is the evidence on the part of the State because there is no evidence on the part of the defendants."

This statement by the prosecuting attorney is not subject to any adverse criticism. It is impossible to construe the above remarks of the prosecutor as referring to the fact that the defendants did not testify. There are no substantial grounds of objection to this statement.

The record in this case discloses that the code of criminal procedure has been faithfully followed, that the defendants had a fair trial by a jury of their countrymen and that upon a full investigation of the crime with which they were properly charged, they have been duly and properly convicted. The judgment is accordingly affirmed. All concur.