The State v. Hammond.

----

THE STATE v. HAMMOND, *Plaintiff in Error.*

1. **Rape**: INDICTMENT FOR. An indictment for rape need not contain an express averment that the party injured is a woman. The sex may be otherwise indicated, as by the use of the pronoun "her," and this though the christian name may be one ordinarily given to males, as *Francis* for *Frances.*

2. ———. Subsequent assent of the woman, as by asking compensation, will not purge the guilt of rape.

3. ———: EVIDENCE. On a trial for rape the court refused to permit a witness who was present when the alleged offense was committed, to testify whether the woman objected or not. *Held,* error.

4. **Practice**: EVIDENCE. The trial court refused to permit a witness to say whether he had made a certain statement at the preliminary examination differing from one just made by him at the trial. *Held,* error.

5. **Proving Testimony of Deceased Witness.** The court permitted witnesses to state the substance of the testimony of the prosecutrix given at the preliminary examination, she having since died. *Held,* no error.

*Error to Dunklin Circuit Court.*—Trial before C. L. KEATON, ESQ., Sitting as Special Judge.

REVERSED.

S. M. *Chapman* for plaintiff in error.

D. H. *McIntyre,* Attorney General, for the State.

I.

SHERWOOD, J.—The defendant was tried and convicted on a charge of rape, the indictment charging that the offense was committed on the person of *Francis* Sorrels.

It is insisted that the indictment is faulty on this ground and also on the further ground that it contains no allegation that the person on whom the alleged crime was committed was a woman.

Regarding the latter point, it need not be averred that the party injured is a woman.   *State v. Warner*, 74 Mo. 83. The use of the relative pronoun " her," and the use of the words " against her will," sufficiently indicate the sex of the injured party.

And as to the name " Francis " being the name of a man, our statute cures any variance between the charge in the indictment and the evidence offered in its support; unless the trial court " shall find that such variance is material to the merits of the case, and prejudicial to the defense of the defendant."   *State v. Wammack*, 70 Mo. 410. Here the evidence abundantly shows that Francis Sorrels was a woman, and by that name was usually called, instead of the more proper appellation of *Frances*.   There is nothing in the point.

## II.

We have read the evidence, and it must be confessed that it seems difficult to see how the jury could have found the defendant guilty, if careful consideration was given to all the evidence in the cause.   But after such consideration on our part, we are not prepared to affirm that there was absolutely no evidence warranting a conviction.   If it be true, as stated by one witness for the State, who was present at the preliminary examination, that the defendant had offered Francis Sorrels a dollar and she had refused it, but that when she found that the defendant was determined to gratify his passion, she then asked him for the dollar, it is quite certain that there was no rape committed.

And if it be true, as stated by another witness, that she asked defendant for the dollar, after the alleged injury was done her, it would be extremely improbable that such a crime had occurred.   Subsequent assent, however, would

not avoid the consequences of the crime, nor purge the defendant's guilt. But the testimony of the son of the woman, Charles Warner, did not reveal those features so damaging to the prosecution, in reference to a consideration being asked for by the injured party. True, he says he heard " something said about a dollar," but he did not remember what it was. It may be that the jury regarded his testimony sufficient to outweigh the testimony of the other witnesses ; and this it was their province to do. *State v. Warner, supra; State v. Musick,* 71 Mo. 401.

### III.

Error was committed by the court in refusing to permit Huland, who was present on the occasion in question, to state whether she made any objection to defendant's having intercourse with her. This question was clearly competent.

### IV.

Error was also committed by the court in refusing to permit Charles Warner to state whether he had made a certain statement at the preliminary examination, differing from that made by him at the trial when testifying as a witness.

### V.

There was no error in permitting the witnesses to state the substance of the testimony given by Francis Sorrels at the preliminary examination, she having since died. *State v. Able,* 65 Mo. 357.

For the errors mentioned, judgment reversed and cause remanded. All concur.