The State v. Melrose.

THE STATE v. MELROSE, *Appellant.*

1. **Criminal Law: CONSPIRACY: EVIDENCE.** The declarations of a conspirator or accomplice are receivable against his fellows when they are either in themselves acts, or accompany and explain acts, done in pursuance of a concerted criminal purpose, if made during the pendency of a common criminal enterprise.

2. ——: ——. Such declarations, if made at a subsequent period, and are merely narrative of past occurrences, are inadmissible.

*Appeal from Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*John D. Bohling* and *D. E. Wray* for appellant.

The court erred in receiving in evidence the statements made by James Farris, a co-defendant, some two weeks after the steer named in the indictment was sold, and in the absence of this defendant. "When the common enterprise is at an end, whether by accomplishment or abandonment, no one of the conspirators is permitted, by any subsequent act or declaration of his own to affect the others." *State v. Ross*, 29 Mo. 32; *State v. Duncan*, 64 Mo. 262; *State v. McGraw*, 87 Mo. 161; 30 Vt. 100; 1 Greenl. Ev. 233; 1 Phil. Ev. 168.

*John M. Wood*, Attorney General, for the State.

The evidence tends to show that the defendants Hilderbrand and Farris mutually agreed and entered into a common undertaking to take up and sell stray cattle generally, and to divide the proceeds therefor among themselves equally. That they had partially succeeded in their unlawful purpose, by taking up and

disposing of their first lot, is no evidence that the common enterprise had ended. And especially is this the case in view of the fact that at the time of the declarations of defendants' confederates were made, they had not yet divided the proceeds of their ill-gotten gains. The evidence of declarations made under these circumstances by Farris, a confederate, was competent, and the court did not err in admitting it and refusing instructions numbered 2 and 7 asked for by defendant. *State v. Wm. Walker, ante,* p. 95; *Anarchist case,* 12 N. E. Rep. 980; *Card v. State,* 9 N. E. Rep. 591.

BRACE, J.—The defendant was jointly indicted with James Farris and John Hilderbrand for stealing a three-year-old steer, the property of one D. P. Taylor, and, upon a separate trial, was found guilty and sentenced to the penitentiary.

It appears, from the evidence, that on the twenty-third day of September, 1887, the defendant sold to one McMoore five steers; that these steers were driven from Daniel Ray's, where defendant was staying, by defendants Farris and Hilderbrand, to McMoore's place; that defendant first proposed to McMoore to pasture the cattle for a few days and then to sell them to him; that, finally, he did sell them to McMoore for ninety-five dollars, Farris and Hilderbrand being present; that previous to this time the said Taylor had running upon the range in the neighborhood the steer described in the indictment; that he missed it, heard that some cattle had been sold to McMoore; went there about three weeks after the sale; found a steer answering the description of the missing one, described in the indictment, which he identified as his, proved it to the satisfaction of McMoore, and took it away. This was one of the five steers sold by defendant to McMoore. The evidence for the state tended to prove that it was Taylor's steer, and that when defendant sold it he knew it was not his property.

The evidence for the defendant tended to prove that he bought the steer from John Hilderbrand; that it belonged to John's brother Jake; that Jake authorized John to sell it.

The state also introduced evidence tending to show that some time prior to this sale, a Mr. Burris, in driving a large drove of cattle through the neighborhood, lost three or four steers; that it was known in the neighborhood, and to the defendant, that these strays were on the range, and that a reward was offered by the owner to any one who would get them up and keep them for him; that a short time prior to the sale by defendant, he made an arrangement with Farris and Hilderbrand to get up these strays; that they brought four steers to the defendant at Ray's; that these four steers and one that defendant had at Ray's were the five driven by defendants Farris and Hilderbrand, and sold to McMoore; that three of the four steers driven to Ray's, and the one that defendant previously had at Ray's were the strays of the said Burris; that the other one of the four driven to Ray's was the Taylor or Jake Hilderbrand steer.

The evidence for the defendant tended to prove that he bought the four steers driven to Ray's, one being the Taylor or Jake Hilderbrand steer as aforesaid, from John Hilderbrand, and the one that he previously had at Ray's from a man by the name of Ward, and that he, Ward, raised the steer and was the owner of it at the time he sold it to the defendant.

The state was permitted, over the objection of the defendant, to introduce in evidence declarations made by Farris to four witnesses after the steers had been sold to McMoore, and after Farris had been arrested upon a charge of stealing them. The substance of these declarations, using the language of one of these witnesses, was as follows: "James Farris said to me on the day he was arrested that Henry Melrose offered him and

The State v. Melrose.

John Hilderbrand five dollars apiece if they would bring to him three steers, that ranged in the hills and known as stray steers (steers that strayed out of a drove that passed through here). They refused to bring them at that price and afterwards told them if they would bring them up and deliver them at old man Ray's down here, he would sell them and divide the money equally."

To the admission of this evidence, the defendant excepted, as also to instructions given by the court based thereon; and the action of the court in this respect is well assigned as error. The declarations of a conspirator or accomplice are receivable against his fellows when they are either in themselves acts, or accompany and explain acts done in pursuance of a concerted criminal purpose, if made during the pendency of the common criminal enterprise; if made at a subsequent period, and are merely narrative of past occurrences, they must be rejected. 1 Greenl. Ev. [14 Ed.] sec. 111; *State v. Ross*, 29 Mo. 32; *State v. Duncan*, 64 Mo. 262; *State v. McGraw*, 87 Mo. 161.

The declarations of Farris made after the common criminal enterprise had been accomplished, the parties separated and some of them arrested for the offense, narrating past statements made to him by defendant during the pendency of the criminal enterprise, ought to have been rejected, and for the error of the trial court in admitting them, this case must be reversed and remanded for new trial. All concur except RAY, C. J., absent.