State v. Minton.

THE STATE v. MINTON, *et al.*, *Appellants.*

Division Two, June 13, 1893.

1. **Practice in Supreme Court:** VERDICT, WHEN NOT DISTURBED. A verdict of conviction in a criminal cause will not be disturbed in the supreme court, unless it is evident that it was the result of passion, prejudice or partiality on the part of the jury.

2. **Criminal Law:** CONSPIRACY: EVIDENCE. The admissions and statements of a conspirator or accomplice are receivable in evidence against himself or against his fellows when they are within themselves acts, or accompany and explain acts done in pursuance of a concerted criminal purpose, if made during the pendency of the common criminal enterprise.

3. ———: ———: ———. Nothing said by a conspirator after the conspiracy ended, and not in the presence of his co-conspirator, is admissible against the latter.

4. **Practice, Criminal:** FORGERY: EVIDENCE: INTENT. In a prosecution for forging a deed purporting to be the act of one alleged to be a fictitious person, other deeds similar to the one in question, executed in the same place, and purporting to have been signed and acknowledged by the same person are admissible in evidence for the purpose of showing the intent with which the act was done.

State v. Minton.

5. ———: EVIDENCE: WRITING: COMPARISON. A writing offered in evidence is not admissible as the subject of comparison with the writing in controversy on the trial, unless it is connected with the case or is admitted to be genuine.

6. ———: ———: ———. One who is acquainted with the handwriting of another may give his opinion as to whether such other signed the name to a writing in controversy.

7. ———: ———: ———. A postal card written by a stranger and addressed to one not connected with a criminal prosecution, is hearsay and inadmissible for any purpose against the defendant.

8. ———: FORGERY: INDICTMENT. An indictment under Revised Statutes, 1889, section 3653, for "making, forging or counterfeiting any instrument" which shall convey or purport to convey any property, "to which shall be affixed any fictitious name or the name of any person or pretended signature of any person not in existence," which does not allege that a fictitious name or pretended signature of any person not in existence was affixed to the instrument described in it and does not set forth such instrument according to its tenor, is fatally defective.

*Appeal from Clinton Circuit Court.*—HON. JAS. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for appellants.

(1) The court erred in overruling defendants' demurrer to the evidence. The state's evidence does not prove nor tend to prove that Youngberger was a fictitious person, while the undisputed evidence on the part of the defendants was that he was not, but a person in being. The name of Youngberger being signed to the deed, the law presumes him to be a real person. *Gitt v. Watson*, 18 Mo. 274; *State v. Moore*, 61 Mo. 276; *Phillips v. Evans*, 64 Mo. 17; *State v. McGuire*, 87 Mo. 642; *Florence v. Wardon*, 17 Mo. 435. This presumption is strengthened by the certificate of acknowledgment. *Rust v. Goff*, 94 Mo. 513; *Addis v. Graham*, 88 Mo. 197; *Brady v. West*, 60 Mo.

33.   (2) The court erred in admitting evidence as to other transactions with other parties, and in admitting in evidence other deeds than the one described in the indictment, and in admitting the declaration of the defendants with reference thereto.   These transactions, or what was said by either of the defendants in the absence of the other, were not admissible even to prove the common design or conspiracy of the defendants until the offense of forgery had been established and proved to have been made during the pendency of the common enterprise.   *State v. Hilderbrand*, 105 Mo. 318; *State v. Taber*, 95 Mo. 586;   *State v. Melrose*, 98 Mo. 594; ` State v. Roberts*, 33 Mo. App. 524;   *State v. McGraw*, 78 Mo. 161;   *State v. Duncan*, 64 Mo. 262. These deeds were not competent evidence for any purpose, and were calculated, as they were intended by counsel, to mislead and to prejudice the jury against the defendants.   They related to different transactions than the one on trial, and did not bear directly or indirectly thereon.   *State v. Taber, supra; State v. Turner*, 76 Mo. 350;   *State v. Reeves*, 71 Mo. 419;   *State v. Parker*, 96 Mo. 382;   *State v. Greenwade*, 72 Mo. 298.   (3) The court erred in permitting the deeds to be exhibited to the jury, and in permitting the jurors to compare the signatures to the different deeds with each other, and with the signature to the deed in controversy.   Papers with the name or handwriting of the defendants, not a part of the case and not relevant to other issues in it, were not competent evidence to prove the handwriting of either of them by comparison. *Rose v. Bank*, 91 Mo. 399; *State v. Clinton*, 67 Mo. 380; *State v. Tompkins*, 71 Mo. 613; *Bank v. Roberts*, 41 Mich. 710; *Massey v. Bank*, 104 Ill. 327; *Griffith v. Ivory*, 11 A. & E. 322; *Doedem v. Newton*, 5 A. & E. 514.   (4) The court erred in permitting witness Spratt

to testify as to the hand-writing of defendant Seasholtz. His evidence disclosed that he did not know his hand-writing, and that whatever opinion he had thereof was formed by comparison. (5) The court erred in admitting as evidence the postal card dated October 1, 1890, signed T. H. Smith, directed to L. L. Martin, St. Joseph. It was not the act or the purported act of either of the defendants, and was calculated to mislead and prejudice the jury against them. (6) The court erred in overruling the motion in arrest of judgment. The indictment is bad: *First.* It is founded on Revised Statutes, 1889, sec. 3653. This statute does not define forgery. It simply prohibits the forgery of an instrument by affixing a fictitious name thereto, by which a right or interest in money * * * or property shall be or purport to be conveyed. It is not charged in the indictment that the deed purported to be the deed of Youngberger, or that the deed purported to convey Youngberger's interest in the land. Nor is there any fact stated by which it appears that any right or interest to the land was conveyed. Nor is the deed set out according to its tenor and effect or otherwise by which said facts appear. The legal effect of the instrument should be set out that the court may determine whether the offense of forgery had been committed. *State v. Fay*, 65 Mo. 92; *State v. Haws*, 98 Mo. 192. The purport of an instrument means "the substance of it, as it appears on the face of the instrument to every eye which reads it." *State v. Pullen*, 81 Mo. 387; *State v. Haws*, 98 Mo. 192; *second,* it is not charged in the indictment that a fictitious name was affixed to the deed, nor is the deed set out so as to show that fact. *State v. Yerger*, 86 Mo. 33. The offense is not charged in the language of the statute.

*R. F. Walker*, Attorney General, for the state.

(1) Evidence of other deeds made by the defendants to different parties, in which the name of Wm. T. Youngberger was inserted as grantor, was admitted. It was admissible to show criminal intent. *State v. Williams*, 106 Mo. 162; *State v. Greenwade*, 72 Mo. 298; *State v. Harrold*, 33 Mo. 496; *State v. Gabriel*, 88 Mo. 631; *State v. Jackson*, 95 Mo. 623; *State v. Bayne*, 88 Mo. 604; *State v. Myers*, 82 Mo. 558; *State v. Mix*, 15 Mo. 153; 1 Bishop Criminal Procedure [3 Ed.], secs. 1126–1128; 2 Bishop Criminal Procedure [3 Ed.], sec. 428, cases cited in note 11. (2) The instructions given by the court covered every phase of the case, as presented by the evidence, and defendants were, therefore, not prejudiced by the refusal of the instructions asked by them. (3) The testimony of Eugene Spratt as to the hand-writing of the defendant, Seasholts, was properly admitted to show that the manner in which Seasholts wrote the name of Wm. T. Youngberger was very similar to the manner in which that name was signed to the deeds. It is not necessary that a witness should swear to an actual belief in the genuineness of a writing. It is enough if he states his opinion as to such genuineness. *Watson v. Brewster*, 1 Penn. St. 381; *Clark v. Freeman*, 25 Penn. St. 133; *Fash v. Blake*, 38 Ill. 363. It is admissible for a witness to testify that the contested writing was like the hand-writing of the party to whom it is charged. *Garrells v. Alexander*, 4 Esp. 37. Consequently, the instruction directing the jury to disregard the evidence of the witness, Eugene Spratt, was properly refused. (4) It was proper for the jury to consider the evidence of other deeds made by the defendants in which the name of Wm. T. Youngberger was inserted, for the reason that these

transactions tended to show the criminal intent of defendants. See authorities cited under first paragraph of this. brief. It was not error for the counsel for the state, during his argument, to hand the various deeds, together with the one alleged to have been forged, to the jury and request them to examine them all together. These deeds had all been admitted in evidence, and it was a matter wholly for the jury to determine whether or not the name of Youngberger was signed to them by the same person.

BURGESS, J.—At the March term, 1891, of the criminal court of Buchanan county, Robert F. Zook, William E. Minton and George W. Seasholts were indicted for making and forging a false and forged deed, purporting to be the act of one Youngberger, a fictitious person, to convey certain land in Stone county, Missouri, to one Rachel Cross. The indictment is in two counts. On a trial, Zook was acquitted. Afterwards a change of venue was awarded the defendants, Minton and Seasholts, to the circuit court of Clinton county, where, on trial had at the January term, 1892, of said circuit court of Clinton county, defendants were acquitted on the second count, and found guilty on the first count in the indictment, and the punishment of each one fixed at ten years' imprisonment in the penitentiary.

The count of the indictment under which defendants were convicted, leaving out the formal parts, is as follows: ''Did unlawfully and feloniously and falsely make and forge a certain false and forged deed, purporting to be the act of one William T. Youngberger, a fictitious person, by which a right and interest in certain real property, which in said deed purports to lie and be situate in the county of Stone, State of Missouri, and which in said deed was described as follows, to-wit:

All the east one-half of the northeast quarter of section number eighteen, township number twenty-three, range number twenty-four, containing eighty acres, more or less, purported to be conveyed and transferred to one Rachel Cross, with intent then and there and thereby to defraud, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

After conviction, defendants filed their motion for new trial and in arrest, which being overruled they appealed to this court.

The first contention on part of defendants is, that there is no evidence to support the verdict. This court has so often decided that it will not interfere with a verdict unless it is evident that it is the result of passion, prejudice or partiality on the part of the jurors, that it is scarcely necessary to cite authorities on that point. *State v. Nelson*, 98 Mo. 414 and authorities cited; *State v. Howell*, 100 Mo. 628; *State v. Glahn*, 97 Mo. 679. We are not prepared to say that there is a total failure of evidence, or that it is so weak as to justify the inference that the verdict is the result of passion, prejudice or partiality. In fact, the evidence leaves room for little doubt, if any, of their guilt.

The action of the trial court in admitting evidence as to other transactions with other parties, and in admitting in evidence other deeds than the one described in the indictment, and in admitting proof of the declarations of the defendants with reference thereto is assigned for error. There was sufficient foundation laid to justify the admission and statements of the defendants as against either or both, while their relations existed as partners in dealing in real estate and the sale of lands and the execution of deeds therefor as charged in the indictment. The evidence tends strongly to show that they were engaged in one com-

mon enterprise, selling and trading lands in the county of Stone in the name of Youngberger, enjoying the proceeds and profits arising from such transactions, and that while thus engaged they entered into a conspiracy to defraud by selling lands to which they nor Youngberger, in whose name the conveyances were made, so far as the evidence tends to show, had no right or title.

Alonzo Cross, a witness for the state, testified that he made the trade for the land described in the indictment with the defendant Seasholts, and that Seasholts told him that the title thereto was good; that Youngberger lived near Plattsburg and that he traded a good deal in lands.

Dillard, also a witness for the state, stated that the defendants told him that Youngberger lived in Stone county, Missouri, and that he went from St. Joe to Kansas. That he traded with defendants for a tract of land also in Stone county, and that the deed was signed by Youngberger, and delivered to him by defendant Seasholts.

Charles T. Miller, another witness for the state, testified that he made a trade with defendant Minton, for a tract of land in Stone county, which Minton caused to be deeded to him, witness, by William T. Younberger, and that he got the impression from what Minton said that Youngberger was a traveling man and was at that time connected with the coal business in the city.

John Howard, also a witness for the state, testified that he had another and still different deal for a tract of land in Stone county with defendant Minton, and that he stated to witness that he would give him a good warranty deed, a clear title and a good abstract. That this conversation occurred late in the evening; that Minton said Youngberger was not there then, but he would make his deed out and that he, witness, could

come in the morning and get it, which he did.   It also purported to have been executed by Youngberger.

. George Howard, also, testified on behalf of the state that he had a similar transaction with defendant Minton, for land in Stone county; that Minton caused deeds to be executed to him in the name of Youngberger, and stated to him that Youngberger was a banker in Atchison, Kansas.

Similar statements were made by defendants to other persons, who were witnesses, on different occasions, which were contradictory, and when taken in connection with the other facts and circumstances in proof, show conclusively that there was a conspiracy existing between the defendants'to defraud, and justified the admission of proof of the statements of the one against the other as long as such conspiracy existed. *State v. Melrose*, 98 Mo. 594.

There was no error in admitting in evidence deeds other than the one described in the indictment.   While such deeds had a tendency to show that defendants were guilty of other crimes than the one with which they stand charged and were upon trial, they were not for that reason alone inadmissible, but they were admissible for the purpose of showing the intent with which the act was done, being as they were of similar character, executed not only in the same place, but purported to be signed and acknowledged by the same party, Youngberger, and several of them purported to have been acknowledged before the same notary.   This subject underwent an exhaustive review by this court in the case of the *State v. Myers*, 82 Mo. 558, and under the ruling in that case the deeds were clearly admissible for the purpose of showing guilty knowledge on the part of defendants.   *State v. Bayne*, 88 Mo. 604.

The court over the objections of the defendant, allowed the jury, at the suggestion of the prosecuting

attorney, to compare the signature of William T. Youngberger, as it appeared on the deed from him to George Seasholts, and the two deeds from him to Howard with the signature of Youngberger to the deed described in the indictment. They were no part of the record in the case, not admitted to be in the hand-writing of either one of the defendants, and clearly inadmissible for the purpose of comparison. When there are other writings in the case conceded to be genuine, they may be used as standards of comparison, and the comparison may be made by the jury with or without the aid of experts. 1 Greenleaf on Evidence, sec. 578; *State v. Scott*, 45 Mo. 302; *State v. Tompkins*, 71 Mo. 614. But with us such papers can only be used when no collateral issue can be raised concerning them. 1 Greenleaf on Evidence, sec. 581; *State v. Clinton*, 67 Mo. 380. The signatures on the deeds other than the one described in the indictment, did present collateral issues and the jury should not have been permitted to compare the signature of Youngberger on them with the one described in the indictment. *Rose v. Bank*, 91 Mo. 399, and authorities cited. It is only when the writing offered in evidence is connected with the case on trial, or is admitted to be genuine, that it is the subject of comparison with the writing in controversy, or, as in this case, that which the defendants are charged with having signed the name of some fictitious persons thereto, unlawfully.

There was no error in permitting the witness, Eugene Spratt, to testify that the name Wm. T. Youngberger, signed to the deed described in the indictment, was in the hand-writing of the defendant, Seasholts. He had already testified that he was acquainted with the hand-writing of Seasholts, and that was all that was necessary in order to qualify him to testify in the case, and to give his opinion as to

State v. Minton.

whether or not the name signed to the deed was in the hand-writing of the defendant, Seasholts. *Fash v. Blake*, 38 Ill. 363; *Clark v. Freeman*, 25 Penn. St. 133; *Watson v. Brewster*, 1 Penn. St. 381; *Garrells v. Alexander*, 4 Esp. 37. .

Nothing, however, that was said by either of the defendants after the conspiracy ended, and not in the presence of the other was admissible in evidence against the one not making the statements, or admissions. *State v. Melrose*, 98 Mo. 594; *State v. Hilderbrand*, 105 Mo. 318; *State v. McGraw*, 87 Mo. 161.

The admission of the postal card puporting to have been written by L. H. Smith, recorder, and addressed to L. L. Martin, St. Joseph, Mo., dated Galena, Mo., October 1, 1890, was immaterial, hearsay, and inadmissible for any purpose. Its effect could only have been injurious to the defendants and should have been excluded.

While the instructions, or some of them, at least, are subject to verbal criticism, taken as a whole they presented the case very fairly to the jury, and as favorably to the defendants as they could expect. There is no objection to them, when taken altogether, that would justify a reversal.

We come now to the consideration of the sufficiency of the indictment. Section 3653, Revised Statutes, 1889, under which it is drawn, is as follows: "The false making, forging or counterfeiting of any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation, or any right, interest or claim to money, right in action or property shall be or purport to be or intended to be conveyed, transferred, created, increased, discharged, diminished or in any manner affected, to which shall be affixed a fictitious name or the name or pretended signature of any person not in existence,

shall be deemed a forgery in the same degree and in the same manner as if the name so affixed was the name of a person in being or purporting to be the signature of a person in existence.''

The indictment is manifestly bad, and charges no offense against the defendants. It does not allege that a fictitious name or pretended signature of any person not in existence was *affixed* to the deed described in the indictment. This is absolutely necessary under the statute, unless the deed is set forth according to its tenor, showing the fact to be that the name of the fictitious person was affixed to the deed. "And when the tenor is exact and complete and sufficiently gives the purport, then the purporting clause may be rejected as surplusage." 1 Wharton on Criminal Law, sec. 737. The purport of the instrument necessarily appears when the instrument is set forth according to the tenor. 2 Russell on Crimes [9 Ed.], 805; 3 Chitty on Criminal Law, 1041; *State v. Yerger*, 86 Mo. 33.

While the indictment in this case does allege that the defendants did unlawfully and feloniously make and forge a certain false and forged deed purporting to be the act of one William T. Youngberger, a fictitious person, it *does not* allege that a fictitious name or the name of any person not in existence was affixed thereto, nor does it set out the deed in full. We must, therefore, for these considerations hold that it does not charge the defendants with any criminal offense.

The judgment is reversed and cause remanded with directions that the indictment be quashed and defendants held to answer a new indictment to be preferred against them by the grand jury of Buchanan county. All concur.