### The State v. Harris, Appellant.

#### Division Two, May 23, 1899.

1. **Rape:** INDICTMENT OF SEVERAL DEFENDANTS JOINTLY. It is not error to indict three defendants jointly in the same indictment for the same rape.

2. ———: PRIOR CONVERSATION. The avowal of the defendant to commit the offense, made to a witness two days prior to the commission of a rape, is proper evidence against him.

3. ———: STATEMENT OF ACCOMPLICE: COMMON ENTERPRISE. A statement of a jointly indicted accomplice in the crime of rape, made to a witness on his way home from the place of the crime, in the absence of the defendant, is not proper evidence against the defendant. And an instruction that told the jury that if they believed said accomplice made such statement, they could convict the defendant, is erroneous.

4. ———: CONDITION OF PROSECUTRIX. The testimony of a witness to the effect that the prosecutrix was very sick at her stomach and vomiting for several hours after the rape, is proper testimony.

5. ———: CROSS-EXAMINATION BY STATE. It is no abuse of the discretion of the court to permit the prosecuting attorney to compel one of defendant's witnesses, who had sworn that he was single, to admit that he had a wife living in another county.

6. ———: INSTRUCTIONS. Instructions which are mere abstractions of law, although not erroneous, should be omitted.

7. ———: ———: RESISTANCE "TO THE UTTERMOST." While the usual instruction given in rape cases requires the female to resist the assault to the uttermost, an instruction that told the jury she must have made such resistance as she was capable of making to prevent it, and did not consent thereto, states the same thing in different words.

8. ———: PAYMENT OF MONEY BY DEFENDANT. One who has forcibly ravished a woman does not purge himself of guilt by subsequently paying her money.

*Appeal from Dunklin Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

D. R. Cox, W. R. Hall and J. P. Tribble for appellant.

(1) The indictment is insufficient. It does not charge the defendants with carnally knowing her or ravishing her. (a) It charges an assault and no more. (b) It charges an impossibility, to wit: That three persons committed the rape at the same moment of time on the same person. They should have been indicted separately. State v. Gray, 21 Mo. 492. (2) The court erred in permitting the witness Foster to detail an alleged conversation had with defendant, Harris, several days prior to the alleged rape. It was irrelevant. (3) The witness Jos. Hampton, should not have been permitted to detail statements made to him by Coon Owen, a co-defendant, after the offense is alleged to have been committed, and not made in the presence of defendant Harris. Such admission was error, and the effect could not have been other than injurious to defendant. State v. Hilderbrand, 105 Mo. 318; State v. Melrose, 98 Mo. 594; State v. Duncan, 64 Mo. 262; State v. Hickman, 75 Mo. 416; State v. Ross, 29 Mo. 32 (50); State v. Minton, 116 Mo. 605. (4) It was error for the court to permit the witness, W. H. Hampton, to testify, over the objection of defendant, that the prosecuting witness, Lizzie Edwards, was sick at her stomach and vomiting several hours after the alleged rape. He had not been qualified as a physician or an expert; nor was there any proof that such symptoms peculiarly follow in persons who have been injured as it was claimed she had been. (5) It was error for the court to compel witness Taylor, while testifying for defendant, to testify that he was living apart from his wife. Its only possible effect was to tend to discredit him in the minds of the jury, and it was not a proper matter of impeachment. (6) Instruction numbered 5, given on behalf of the State, is faulty in not requiring the jury to find a sufficient resistance on the

part of the female to comply with the law which declares that she must make the utmost resistance within her power. State v. Perkins, 11 Mo. App. 82. (7) Instruction numbered 7, given for the State, is erroneous for the reason that it assumes as true a fact which was neither proved nor attempted to be proved, to wit, that defendant Harris paid prosecuting witness money after the commission of the rape, and that, on account of such payment, she forgave the offense. There was no such testimony. Instructions should not be predicated upon facts not in evidence, but should be clearly supported by the facts for which they call. State v. Allen, 116 Mo. 555; State v. Parker, 106 Mo. 217; State v. Jackson, 95 Mo. 623; Gorham v. Railroad, 113 Mo. 408. It is fatally defective for the further reason that it, in effect, withdraws from the consideration of the jury one material element of the defendant's defense, to wit, that prosecuting witness had admitted that it was a purely commercial transaction, for which she received pay—an amicable sexual commerce—and not rape. An instruction should not be given from which the jury may even infer that any element of the defense is withdrawn from their consideration. State v. Foley, 12 Mo. App. 431; State v. Johnson, 76 Mo. 121; Condon v. Railroad, 78 Mo. 567; Cameron v. Hart, 57 Mo. App. 142. (8) State's instruction numbered 8 is clearly erroneous because predicated upon statements made by Coon Owen, not made in the presence of defendant, Harris, who was alone on trial. State v. Hilderbrand, 105 Mo. 318; State v. Melrose, 98 Mo. 594; State v. Duncan, 64 Mo. 262; State v. Hickman, 75 Mo. 416; State v. Ross, 29 Mo. 50; State v. Minton, 116 Mo. 605.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) The indictment is not subject to the errors complained of. Kelley's Crim Law, 352; State v. Warner, 74

Mo. 28; State v. Hammond, 77 Mo. 157; McLain's Crim. Law, sec. 452. The fact that three persons are made defendants does not affect the indictment. (2) The conversation, had by witness Foster with defendant Harris the day before the crime was committed, was properly admitted in evidence. (3) The declarations of Owen were made to Jos. Hampton in the morning of the day in which the act was committed. They were returning home from the place where the unlawful conduct took place. In fact, it may be said the common enterprise was not yet to an end. Under such circumstances the statement was admitted and no wrong perpetrated on defendant on account thereof. (4) The State had the right to ask witness Taylor the question as to whether he was living apart from his wife, the tendency and effect of which was to discredit his testimony as far as possible. Such questions are always admissible. (5) Instruction numbered 2, objected to by defendant, embodies a correct principle of law, but may have been unnecessarily given in this case. The fact of its having been given could in no way prejudice the rights of defendant. State v. Snell, 78 Mo. 242; State v. Johnson, 111 Mo. 578. (6) Instruction numbered 5 is objected to in that it did not require the jury to find a sufficient resistance on the part of the prosecutrix to comply with the law which declares that she must make the utmost resistance within her power. We submit that the instruction made just such a requirement. "And that she made such resistance as she was capable of to prevent it," is in our judgment about as strong as the question can be put. Certainly, "such resistance as she was capable of" is equally as strong as "must make the utmost resistance within her power." (7) What has been said with reference to the evidence of witness Jos. Hampton regarding the statements made by Coon Owen will also apply to the eighth instruction given on behalf of plaintiff. It was the

duty of the court to instruct the jury and require them to find the statements made by a co-conspirator to be made while in pursuance of a concerted criminal purpose.

GANTT, P. J.—At the July term, 1894, of the circuit court of Dunklin county, the defendant was jointly indicted with Coon Owen and Henry Justice, for the rape of Lizzie Edwards.

The defendant in some way managed to escape trial until January, 1898. Such a delay in a public prosecution is inexcusable.

The transcript sent to this court does not contain the organization of the court, the impaneling of the grand jury or the return of the indictment nor the arraignment. All of these steps should appear in the record sent to this court.

The indictment, leaving off the formal parts, is as follows:

"The grand jurors for the State of Missouri impaneled, sworn and charged to inquire and true presentment make within and for the body of the county of Dunklin, and State aforesaid, upon their oath present and charge that William J. Harris, Coon Owen and Henry Justice, on or about the 15th day of April, A. D. 1894, at the county of Dunklin, and State of Missouri, in and upon one Lizzie Edwards, a female about the age of fourteen years, unlawfully, violently and feloniously, did make an assault, and her, the said Lizzie Edwards, then and there unlawfully, forcibly and against her will, feloniously did ravish and carnally know; against the peace and dignity of the State."

The defendant was convicted and sentenced to the penitentiary for ten years. The testimony, if believed by the jury was sufficient to sustain the verdict. The details disclose a depravity so great that we are unwilling to spread them upon the official reports.

The various exceptions urged in this court will be determined in their order.

I.   The indictment is sufficient.   It charges an unlawful and felonious assault, and otherwise meets every requirement of a charge of rape after a long line of approved precedent.   [State v. Hammond, 77 Mo. 157; Archibald's Crim. Prac. 999; Com v. Fogerty, 8 Gray 489; People v. Jackson, 3 Parker's Crim. Rep. 391.]

It was entirely competent and proper to charge all three of the defendants jointly.   It by no means follows that because each could not have been guilty of the sexual act at the same moment that two of them could not have been present as testified by the prosecutrix, aiding and abetting defendant by holding her down while defendant outraged her person.

II.   No error was committed in permitting the witness Foster to testify to the conversation of defendant on Friday before the commission of the rape on Sunday morning.   It was a distinct avowal of his purpose to commit the offense. No possible objection can be urged to the relevancy of this testimony.

III.   We think, however, that the court erred in permitting the witness Joseph Hampton to testify to statements made to him by Coon Owen after the rape had been consummated, and Owen was returning alone from the home of the girl.   The common criminal enterprise was no longer pending.   It was fully completed and Owen's statement was a mere narration of the past event in the absence of the other two actors.   It was competent against himself alone.   [1 Greenleaf (15 Ed.), sec. 111; State v. Melrose, 98 Mo. 594; State v. Hilderbrand, 105 Mo. 318; State v. Minton, 116 Mo. 605.]

IV.   The objection to the testimony of W. H. Hampton to the effect that the prosecutrix was very sick at her stomach and vomiting for several hours after the rape is not tenable. It required no expert knowledge to testify to a fact visible

and of such common understanding. It was simply a circumstance to which we can see no objection.

V. There was no error in permitting the State to cross-examine Taylor as to his marital relations. According to his own evidence he had testified falsely that he was a single man and the prosecuting attorney simply compelled him to admit he had a wife living in Stoddard county with whom he was not living. The matter was largely within the discretion of the court and it is evident the discretion was not abused in this case.

VI. Instructions 2 and 3 for the State were mere abstractions which should have been omitted but they were not erroneous.

VII. The fifth instruction for the State is criticised because instead of declaring that the prosecutrix must have resisted the assault to the uttermost, the court instructed the jury that the rape must have been accomplished by force and she must have made such resistance as she was capable of making to prevent it, and did not consent thereto. Rape under our statute is 'the forcible ravishing of any woman of the age of fourteen years or upward." While it is held that the woman must resist to her utmost, "the importance of resistance is simply to show two elements in the crime: Carnal knowledge by force by one of the parties, and non-consent thereto by the other." [State v. Cunningham, 100 Mo. 382; State v. Shields, 45 Conn. 256.] When the jury were told that the woman must have made such resistance as she was capable of making to prevent the perpetration of the crime and must not have consented thereto it was but another way of telling them that she must have done her utmost to prevent its consummation. When a woman has used all the strength of which she is possessed to resist and in no way consents, and notwithstanding this the crime is consummated, she has done all the law requires. While

the defendant's instruction is the usual formula, that given by the State defines the crime denounced by the statute.

VIII. The 7th instruction for the State did not assume that which had not been proved, to wit, that defendant had paid the prosecutrix money after the commission of the rape. Constable Bradley, testified that on Sunday night after the offense had been committed, he had the warrant for defendant and after he had arrested him, defendant voluntarily told him that he had intercourse with prosecutrix and paid her fifty cents for it. The court in this instruction advised the jury that if the prosecutrix was ravished the subsequent receipt of money from defendant would not purge his guilt. It was for the jury to find these facts and if they did, still it was no defense, as was held in State v. Hammond, 77 Mo. 157.

IX. The eighth instruction is in these words: "No. 8. The Court instructs the jury that if they believe from the evidence that William T. Harris, Coon Owen, Hugh Justice entered into a conspiracy to unlawfully and feloniously carnally know and ravish Lizzie Edwards, now Lizzie Tadlock, then the admissions and statements of Coon Owen, one of the conspirators and accomplice, made during the pendency of said conspiracy concerning the offense charged, or in explanation of acts done in pursuance of a concerted criminal purpose, should be received and considered by you in arriving at a verdict."

It is erroneous because the only admissions of said Owen were made after the common enterprise had been completed and co-conspirators were no longer bound by his statements.

X. Instruction No. 5 asked by defendant, was properly refused.

The court had already given an instruction as to the credibility of witnesses which fully advised the jury of its prerogative in weighing the evidence.

XI.   Defendant's instructions numbered $\bar{6}$ and 7 were also properly refused.

This court has recently condemned the principle which it announces.   [State v. Marcks, 140 Mo. 656.]

As to the remarks of the prosecuting attorney, it is unnecessary to say more than that upon a new trial the court should require counsel to discuss the evidence and not permit the argument to degenerate in personal abuse.

For the errors noted the judgment is reversed and cause remanded for new trial in accordance with the views herein expressed.

SHERWOOD and BURGESS, JJ., concur.