## THE STATE v. FORSHEE, Appellant.

Division Two, November 20, 1906.

1. **DECLARATIONS OF CO-CONSPIRATOR:** After Enterprise Accomplished. Declarations of a co-conspirator, made after the common criminal enterprise had been accomplished, and merely narrative of past occurrences, are inadmissible against another conspirator.

2. ———: Evidence: Rape. The statement of another party, made in the presence of defendant several hours after the alleged rape, that he had had intercourse with some woman, was inadmissible against the defendant on trial for rape.

3. **RAPE:** Sufficiency of Evidence. Evidence held insufficient to justify a conviction for rape.

Appeal from St. Francois Circuit Court.—*Hon. Robt. A. Anthony,* Judge.

REVERSED AND REMANDED.

*B. H. Boyer* and *J. N. Burks* for appellant.

(1)    The prosecutrix in a trial for rape must be corroborated, and where her testimony as to the perpetration of the alleged offense is explicitly contradicted by the defendant, thus creating equipoise of oath against oath, the evidence will be insufficient to support a conviction.    State v. Patrick, 107 Mo. 147; State v. Dusenberry, 112 Mo. 277.    (2)    Even had the State proved a conspiracy between Willis and the defendant to ravish the prosecutrix, yet the alleged statements were made after the accomplishment of the alleged crime, and could not be admitted in evidence against defendant unless made in his presence and hearing. State v. Ross, 29 Mo. 32; State v. Burnham, 82 Mo. 67; State v. Fredericks, 85 Mo. 145; State v. Reed, 85 Mo. 194; State v. McGraw, 87 Mo. 161; State v. Minton, 116 Mo. 605.    (3) The alleged statements of Willis admitted by the court as evidence against this defendant, were made at a subsequent time, were merely narrative of past events and were absolutely inadmissible for any purpose.    State v. Melrose, 98 Mo. 594; State v. Hilderbrand, 105 Mo. 318; State v. Martin, 124 Mo. 514; State v. Minton, 116 Mo. 605; State v. Brennan, 164 Mo. 509; State v. Harris, 150 Mo. 61.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)    Counsel are right in saying that statements made by the co-conspirator Willis, made in the absence of the defendant, and made after the conspiracy had ended, were not admissible in evidence against the defendant.    In this instance, however, the statements of Willis, made to the witness Rose at the Blue Goose saloon, were admissible for two reasons: first, because the witness Rose testified that defendant and Willis were then together; and second, because Willis was a witness

for defendant, and denied making such statements to
Rose.  State v. Forsha, 190 Mo. 325.  (2)  The state-
ments of defendant's witness Willis, even though they
related to past events, did not make them inadmissible
for the purpose of contradiction.  2 Wigmore on Evid.,
sec. 1005.  (3)  Although the statements of Willis were
not a part of the *res gestae,* they were admissible for
the purpose of showing that Willis had not testified
truthfully in one matter which was closely connected
with the crime charged and in relation thereto.  State
v. Tolbert, 73 Mo. 370; State v. Hughes, 71 Mo. 633.
(4)  The evidence is sufficient to justify the verdict.
Pleasant v. State, 13 Ark. 377; Rice v. State, 35 Fla.
239; 2 Bish. New Crim. Law, sec. 1119; Kelley's Crim.
Law, sec. 540; Barnett v. State, 83 Ala. 45; Block v.
State, 119 Ga. 751; State v. Napper, 141 Mo. 406; State
v. Berzaman, 10 Wash. 278; State v. Dilts, 90 S. W.
786; State v. Urspruch, 90 S. W. 451; State v. Marcks,
140 Mo. 656.

GANTT, J.—On the 14th of April, 1904, the pros-
ecuting attorney of St. Francois county began this
prosecution by filing an information, duly verified, in
the office of the clerk of the circuit court of said county,
wherein he charged the defendant with rape on Emily
Cowan, in said county, on the 6th day of December,
1903.

The defendant was arrested and arraigned, and
pleaded not guilty.  On the 10th of August, 1904, he
was put upon his trial and convicted and sentenced to
the penitentiary.  After unsuccessful motions for a
new trial and in arrest of judgment, he appealed to
this court.

The information is in proper form and we discover
no error in the formal proceedings.  The errors as-
signed relate to the alleged improper admission of tes-
timony and to the alleged insufficiency of the evidence
to sustain the verdict.

I.   The first contention for defendant is that the circuit court erred in admitting in evidence the statements of Willis, made in the presence of defendant, to the witness Rose at the Blue Goose saloon, after the perpetration of the alleged offense.   It is admitted by the State that statements made by one of two or more alleged conspirators after the commission of the offense are not competent.

It is the settled law of this State that declarations of a co-conspirator, made after the common criminal enterprise has been accomplished and merely narrative of past occurrences, are inadmissible against another conspirator.   To be competent they must be either acts in themselves or accompany and explain acts done in pursuance of the concerted criminal purpose, during the pendency of the common criminal enterprise. [State v. Melrose, 98 Mo. 594; State v. Hilderbrand, 105 Mo. 318; State v. Minton, 116 Mo. 1. c. 615; State v. Brennan, 164 Mo. 1. c. 509.]

But it is insisted by counsel for the State that the evidence of the witness Rose was admissible for the reasons, first, that the alleged statements of Willis, the co-conspirator, were made when defendant was present; and, secondly, in impeachment of Willis, who was a witness for defendant.

We have carefully noted all the testimony of the witness Rose on this point.   He testified that about 11 o'clock that night defendant and Willis came to the saloon and while there Willis alluded to his having had intercourse with some old woman.   It is perfectly plain that if any reliance whatever is to be placed upon the testimony of Mrs. Cowan and her children, the occasion to which Rose alludes was several hours after the alleged rape and when the common enterprise had ended. The statement of Willis on the theory that he was an accomplice was clearly inadmissible.   The mere fact that defendant was in the saloon when Willis made the

199 Sup.—10

statement testified to by Rose did not make it competent.

Defendant was not called upon to make any statement himself, nor can he be held responsible for what Willis said at that time. While it was entirely competent to impeach Willis, the statements made by Rose were not contradictory of the evidence given by Willis or of any fact or statement to which his attention was called. That these statements alleged to have been made by Willis, placed before the jury with the sanction of the court, were highly prejudicial, is perfectly obvious.

II. As to the other contention of counsel for defendant, that the testimony was not sufficient to sustain the verdict of guilty, it is always a delicate duty for this court to pass upon the sufficiency of testimony, but it is our duty to see that no citizen is deprived of his life, liberty or property without a fair and impartial trial. The offense charged in this case is one of the most heinous, but if the story of the old lady is true it was a most unnatural one. That a young man of twenty would forcibly outrage an old woman of seventy-five years of age, under the circumstances related by her, calls for unlimited credulity, but conceding that an assault was made, the testimony of the old lady herself was so contradictory that the verdict can not be allowed to stand. According to her own statements there was no penetration, and hence no rape. But if it be said that by other statements of Mrs. Cowan the jury could have found there was a penetration, as she was the only witness on this point no man should be incarcerated in the penitentiary upon such contradictory evidence from the same witness. We think no good purpose will be subserved by spreading the evidence of Mrs. Cowan on the records of this court. We have read it, and that of her daughters, and this testimony is so hopelessly conflicting and contradictory that it is diffi-

cult to conceive of a jury convicting the defendant upon such a showing. Without the incompetent testimony, to-wit, the statements of Willis, we think no such verdict would or could have been reached.

For the error noted and with the admonition that unless more trustworthy testimony can be obtained this prosecution should be discontinued, the judgment is reversed and the cause remanded.

*Burgess, P. J.,* and *Fox, J.,* concur.