**STATE of Missouri, Respondent,**

v.

**James Allen CALDWELL, Appellant.**

**No. 53263.**

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Peter J. Grewach, Asst. Atty. Gen., Troy, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

BARRETT, Commissioner.

The appellant, James Allen Caldwell, age 20, and four other young men, Roosevelt Martin, Steve John Morris, Calvin Lee Hayes and Torrence Henderson, were all indicted for the forcible rape of Cathy, age 18. This is a companion case to State v. Roosevelt Martin concurrently determined. The only differences in the cases are the dates upon which they were tried and their counsel. Caldwell was represented in both the trial court and here by two members of the Legal Aid and Defender Society of Kansas City. Upon his separate trial a jury fixed Caldwell's punishment at life imprisonment.

As indicated the testimony and all the circumstances of the two cases are almost identical. Caldwell's defense was that of an uncorroborated alibi—he not only denied raping Cathy, he denied that he was in Swope Park on the night of July 16, 1966. Since the records in the two cases are all but identical it is not necessary to repeat the circumstances except to note that Cathy said "all five of these boys, one after the other, had intercourse with me." Except for Roosevelt Martin whom she identified by his size, Cathy was unable to personally identify the other four boys except to say that they were all Negroes. Damon Jenkins who rode to Swope Park with the five boys furnished the positive identification. Thus Cathy testified positively to her forcible ravishment by five Negro boys and Damon supplied their names and placed them at the scene.

Here as in the companion case the only point briefed and argued is that Damon was an accomplice of Caldwell's and therefore the trial court prejudicially erred in refusing to give to the jury his proffered instructions "that the testimony of an accomplice should be received with caution and weighed with great care." In the first place this and the companion case

are unlike State v. Williams, Mo.App., 266 S.W. 484, involving the possession of a still and other implements used in the manufacture of moonshine whiskey and in which "There was positively no testimony whatever to connect defendant with the possession of the still or with the manufacture of any whiskey *except that of the accomplices.*" Both Cathy and her boy friend Charles testified to the fact of her ravishment by five Negro boys and Damon supplied the identification. In the second place, there is no evidence whatever in this record that Damon was an accomplice of Caldwell or of the four other boys. It is not necessary to detail all the circumstances, Damon went to a party at 27th and Monroe Streets and the six boys, with Roosevelt driving, went to Swope Park— not for any definite purpose. In this case as in the companion case Damon did not touch Cathy or Charles and he did not see anyone in the act of raping Cathy. He heard her screams, went to the area, returned to the automobile and left with the five boys and did not report the incident until he was arrested some months later. Upon this record, except for his presence and silence, there is no circumstance from which it is a fair inference that he was an "accomplice" (21 Am.Jur.2d, Criminal Law, § 118, p. 196) in the crime and therefore, of course, there was no manifest or prejudicial error in the court's refusal to give the proffered instructions. State v. Kuhlman, 152 Mo. 100, 53 S.W. 416; State v. Umble, 115 Mo. 452, 22 S.W. 378.

The indictment in appropriate language charged a gang-rape (State v. Harris, 150 Mo. 56, 51 S.W. 481), the proof supported the charge and the jury's verdict (State v. Burlison, 315 Mo. 232, 285 S.W. 712) and since no error has been found or demonstrated upon the record the judgment is affirmed.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.