Calvin Lee **HAYES**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 57668.

Supreme Court of Missouri, Division No. 1.

June 11, 1973.

William E. Mounts, Certified Law Intern, Henri J. Watson, Supervising Attorney, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Rule 27.25 and Rule 27.26.

On July 17, 1967, Calvin Lee Hayes entered a plea of guilty in the Jackson County Circuit Court to a charge of forcible rape. He was sentenced to 15 years' imprisonment.

On October 27, 1970, he filed a motion in the Jackson County Circuit Court, subsequently amended on November 17, 1971, to set aside and vacate the judgment of conviction on the following ground:

"1. That Movant's guilty plea is defective because the Court did not determine at the time it was entered that it was made voluntarily and with an understanding of the nature of the charge or the consequences thereof as required by Missouri Supreme Court Rule 25.04, V.A.M.R. and the due process clause of 14th Amendment to the United States Constitution."

A hearing on the motion was held at which Hayes was present and represented by counsel. The only evidence presented at the hearing was the transcript of the plea and sentencing procedures. The following transpired at that time:

"Now on this day [July 17, 1967] comes the Prosecuting Attorney by his Assistant, Mr. Thomas J. Cox, Jr.; comes also the defendant, Calvin Lee Hayes, in person and by his attorney, Mr. Richard S. Sundeen, and the following proceedings were had and entered of record:

"THE COURT: You are here with your attorney at this time. There are two charges against you; in one you are charged with robbery and this is the rape case. You formerly entered your plea of not guilty, and you have been in custody since last August.

"THE DEFENDANT: Yes, sir.

"THE COURT: Your attorney advises me that you now have—

"MR. SUNDEEN: I have consulted with my client, Calvin Lee Hayes, with regard to the rape charge and after our consultation he advises me that he wishes to withdraw his plea of not guilty to the charge of rape and wishes to enter a plea of guilty. Is that correct?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: You understand that you are charged with the crime of rape?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: You realize you are entitled to a trial by jury in this case?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: If a jury heard the evidence in the case they could return a verdict of guilty or a verdict of not guilty and if the verdict was guilty they could assess punishment of life imprisonment or the death penalty?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: And that the Court would be the one that assesses what your punishment would be on this particular charge?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: Do you understand that?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: The Court would assess the punishment. Have any promises been made to you?

"THE DEFENDANT: No, sir.

"MR. SUNDEEN: Has anybody threatened or coerced you to enter a plea of guilty?

"THE DEFENDANT: No, sir.

"MR. SUNDEEN: You are entering a plea of guilty because you are, in fact, guilty?

"THE DEFENDANT: Yes, sir.

"MR. SUNDEEN: Do you have any questions you wish to ask anybody, myself or the Court, as to what this means?

"THE DEFENDANT: I know what it means.

"MR. SUNDEEN: Do you have any questions that you want to ask?

"THE DEFENDANT: No.

"THE COURT: I will ask, for the record, you are not under the influence of narcotics?

"THE DEFENDANT: No, sir.

"THE COURT: Of course, you haven't been drinking?

"THE DEFENDANT: No, sir.

"THE COURT: So you are fully aware of the nature of the proceedings and what your actions are at this time?

"THE DEFENDANT: Yes, sir.

"THE COURT: Of course, having heard two trials in this matter and also

two other defendants have entered pleas of guilty, I am pretty well familiar with the evidence in this case so I won't go through it with you, but we are talking about the Swope Park matter in which you are charged with rape, with four other fellows, of a girl and boy, is that right?

"THE DEFENDANT: Yes, sir.

"THE COURT: You were there that night?

"THE DEFENDANT: Yes, sir.

"THE COURT: The record will show the defendant pleads guilty. The jury trial was set and you are waiving that by entered a plea of guilty—

"THE DEFENDANT: Yes.

"THE COURT: —if you wanted a trial by jury. Was there any lawful reason why the Court should not pronounce sentence on you at this time?

"THE DEFENDANT: No.

"THE COURT: There is no lawful reason?

"THE DEFENDANT: No.

"THE COURT: Mr. Sundeen, is there anything you wanted to say about this?

"MR. SUNDEEN: Your Honor, I have nothing to say regarding my client. I have discussed this matter before the client's plea.

"THE COURT: I know in talking to you, you have this fully and completely investigated for this trial and some of the things didn't work out, statements of people,—

"MR. SUNDEEN: Yes, sir.

"THE COURT: —that on some of the previous juries, some jurors cast a vote for the death penalty.

"I know you have discussed this with your attorney and between the two of you, you wish to enter a plea of guilty, which the Court has entered.

"Does the State have anything to recommend?

"MR. COX: You heard all the evidence in the case in the preceding two trials and we have no recommendations whatever.

"THE COURT: It is the judgment and sentence of the Court that you be committed to the Missouri Department of Corrections for fifteen years, to be credited for the time you have served in jail. I have seen you from time to time; I think you have already learned something from the time you have been in jail, but this is the type of crime that requires punishment, and we hope that when you are released that you will see fit to make something out of yourself and get all straightened out and become a productive type citizen.

"MR. SUNDEEN: You have talked to your folks and they also agree with the action you are taking, am I correct, that this is the thing to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: Good luck to you.

"MR. SUNDEEN: There is one other case.

"THE COURT: The robbery case, No. C–35517. In view of the action taken at this time in the other matter, does the State have any recommendation in C–35517?

"MR. COX: Due to the length of the sentence in the previous case, it is the State's position that the charge in No. C–35517 should be dismissed as to this defendant, Calvin Lee Hayes.

"THE COURT: Let the record show C–35517 is dismissed by the State as to Calvin Lee Hayes.

"MR. COX: Thank you, Judge.

"MR. SUNDEEN: Thank you."

On December 23, 1971, the trial court entered its findings, which included the following:

"In dealing with this issue, the Court has available the criminal file relating to the

movant's plea entered on July 17, 1967, to the charge of rape.

"The Court is aware that movant was one of the five defendants charged with rape in what came to be called the 'Swope Park rape cases.'

"Disposition of all five cases was made in mid-1967.

"May 29, 1967, defendant Steve J. Morris entered a plea of guilty and received a fifteen year sentence.

"May 29, 1967, defendant Torrence Henderson entered a plea of guilty and received a fifteen year sentence.

"July 12, 1967, defendant James A. Caldwell, after a jury trial, received a life sentence. [See State v. Caldwell, 428 S.W.2d 727 (Mo.1968).]

"Five days later, on July 17, 1967, this petitioner Hayes, pleaded guilty and received a fifteen year sentence.

"July 26, 1967, defendant Roosevelt Martin, after a jury trial, received a life sentence. [See State v. Martin, 428 S.W.2d 489 (Mo.1968).]

"These events and dates are enumerated for only one reason; to show that the chain of developments played an important rule, not only in movant's actions, but in his full knowledge of what was taking place.

"The Court is not so naive as to believe that there was no communication between these various defendants as to what was taking place in the halls of justice.

"This petitioner, fourth among the five to make his move, knew that there had been two prior pleas of guilty and each defendant had received a fifteen year prison term. The petitioner also was shockingly aware that defendant Caldwell had just received a life sentence for this crime at the hands of a jury.

"This Court has every reason to believe that the petitioner was motivated to enter his guilty plea five days after Caldwell's life sentence, just to avoid a similar fate. This Court is convinced that petitioner knew precisely what he was doing and had full knowledge of these prior events.

"Petitioner's motion is an incredible affront to the Court. It is clear, not only from the course of events but from the transcript itself, that movant knew full well that he was charged with rape (T–2) and that he could receive either a life sentence or a death penalty (T–3).

"The claim of the motion is not supported by any statement offered by the petitioner. The claim stands alone and is, in the opinion of the Court, frivolous.

"The petitioner's motion is denied."

Appellant's point here is stated in his brief as follows:

"THAT APPELLANT'S PLEA OF GUILTY WAS DEFECTIVE BECAUSE THE COURT DID NOT DETERMINE AT THE TIME IT WAS ENTERED THAT IT WAS MADE VOLUNTARILY AND WITH AN UNDERSTANDING OF THE NATURE AND CONSEQUENCES OF THIS PLEA AS REQUIRED BY SUPREME COURT RULE 25.04."

On this record, the findings of the trial court are not clearly erroneous. Rule 27.-26(j); State v. Mountjoy, 420 S.W.2d 316 (Mo.1967).

The finding—"The claim of the motion is not supported by any statement offered by the petitioner. The claim stands alone and is, in the opinion of the Court, frivolous."—is in effect a finding that the movant has demonstrated no manifest injustice which should be corrected by permitting withdrawal of the guilty plea. Rule 27.25; Winford v. State, 485 S.W.2d 43 (Mo. banc 1972).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.